UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HULL'S ENVIRONMENTAL SERVICES, INC., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   CIV-24-479-JAR |
| UNITED STATES OF AMERICA, ex rel | ) |
| SECRETARY OF ARMY / U.S. ARMY | ) |
| CORPS OF ENGINEERS; et al. | ) |
| | ) |
|     Defendant(s). | ) |

**PLAINTIFF'S OBJECTION TO UNITED STATES OF AMERICA'S
MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION
AND FAILURE TO STATE A CLAIM**

**COMES NOW** the Plaintiff above named, Hull's Environmental Services, Inc., and for its objection to the United States of America's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim (Doc. 9), sets forth the following, to-wit:

**I.   SUMMARY OF FACTS AS TO
THE UNITED STATES OF AMERICA**

Marina Del Rey, LLC is the assignee of an Assignment of Lease dated January 8, 2016, recorded in Book 1092, at Page 633, in the office of the County Clerk of Marshall County, State of Oklahoma. The recorded Assignment assigned unto Marina Del Rey, LLC all interest of Soldier Creek, in and to Lease No. DACW56-1-12-080, hereinafter referred to as "Lease No. DACW56," which said lease was originally executed by the Secretary of Army in favor of Soldier Creek. The Secretary of Army approved said Assignment to the defendant, Marina Del Ray, LLC, and attached to the Assignment was a copy of Lease No. DACW56-1-12-080. The approved Assignment along with a copy of Lease No. DACW56-1-12-080 attached thereto was recorded with the Marshall County Clerk, State of Oklahoma, in Book 1092 at Page 633, on January 17, 2017.

Pursuant to the provisions of Lease No. DACW56, attached as Exhibit "A" to the Petition, the Secretary of Army leased unto Soldier Creek the hereinafter described real property depicted on the map attached as an exhibit to Lease No. DACW56 and more particularly described by the legal description attached as an exhibit to Lease No. DACW56, hereinafter referred to as the "Subject Property," and further leased unto Soldier Creek the structures situated thereon and the boat slips all attached thereto, and part and parcel thereof, described on an exhibit to Lease No. DACW56. Lease No. DACW56, including the exhibits thereto, are attached to the Plaintiff's Petition as Exhibit "A" and the Subject Real Property is described as follows:

> W/2 E/2; W/2 E/2 E/2; E/2 SE/4 SE/4; E/2 E/2 SW/4; W/2 SE/4 SW/4; S/2 SW/4 NE/4 SW/4; SE/4 SE/4 NW/4 SW/4; E/2 SE/4 NW/4; NE/4 NW/4 SE/4 NW/4; SE/4 SW/4 NE/4 NW/4; SW/4 SE/4 NE/4 NW/4; E/2 NE/4 NE/4 NW/4 less 12.87 acres for Arrowhead Boat Club, and 18.50 acres for Sooner Boat Club, Section 21, Township 7 South, Range 6 East, Marshall County, State of Oklahoma.

The Plaintiff would show that the above-described Subject Property suffered extensive damage resulting from severe storms in May of 2024 and that the Defendant, Marina Del Rey, LLC, entered into an Emergency Service Agreement with the Plaintiff on or about May 24, 2024 to remediate the damage caused by said storms, and prevent environmental damage.

The Plaintiff would show that beginning May 23, 2024 through September 10, 2024, it provided approximately $979,632.88 in materials and labor to the Subject Property, plus the sum of $19,023.30 for the removal of a boom around the fuel dock, pursuant to said Emergency Service Agreement. The materials and services were furnished upon the property referenced above, covering the leasehold interest owned by Marina Del Rey, LLC, in and to the Subject Property described above and which is located upon and within the property described on the exhibits attached to Lease No. DACW56 attached to the Plaintiff's Petition as Exhibit "A."

The Plaintiff filed a Mechanic's and Materialman's Lien against the heretofore described Subject Property and leasehold interest of the defendant, Marina Del Rey, LLC, described above, pursuant to 42 O.S. §141, et seq. The Mechanic's and Materialman's Lien was recorded in the office of the County Clerk of Marshall County, State of Oklahoma, in Book 1270, at Page 446, on October 4, 2024, for the sum of $979,632.88 for the unpaid invoices for materials and services, which said Lien is attached as Exhibit "C" to the Plaintiff's Petition. The invoices for the materials and services supplied by the Plaintiff are attached to said Lien.

The Plaintiff would show that Lease No. DACW56 ("Lease Agreement") assigned unto Marina Del Rey, LLC provides that any and all subsequent assignments and conveyances of the Lease Agreement be approved by the Secretary of Army and that the Secretary shall not be obligated to recognize the right of any person or entity to an interest in this lease or to own or operate the facilities authorized thereunder acquired in violation of the Lease Agreement.

The Plaintiff would further show that under 42 O.S. §149 an action to foreclose its lien must be filed within one year from the date it accrued. The Plaintiff timely filed an action to foreclose its Mechanic's and Materialman's Lien in the District Court in and for Marshall County, State of Oklahoma, naming the United States as a party, and the United States of America removed the case to the United States District Court for the Eastern District of Oklahoma on December 12, 2024.

## II. ARGUMENT AND AUTHORITY

### A. The Petition contains a legally cognizable theory of relief and therefore should not be dismissed under the Rule 12(b)(6) standard.

Pursuant to Rule 8(a)(2), a Plaintiff must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. § 8(a)(2). To survive a motion to dismiss brought under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted

as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (*Citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)*). Moreover, "[m]otions to dismiss are generally viewed with disfavor" and in assessing the sufficiency of Plaintiff's complaint, the trial court should ask "whether relief is possible under any set of facts that could be established consistent with the allegations." *Indiana Nat. Bank v State Dep't of Hum. Servs.*, 1994 OK 98, 880 P.2d 371, 375-76. Furthermore, "when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007).

The allegations set forth in the Plaintiff's Petition support a claim for relief under 28 U.S.C.A. §2409a and the Plaintiff would request leave of the Court to file an Amended Complaint requesting further and additional relief pursuant to 28 U.S.C.A. §2409a.

28 U.S.C.A. §2409a(a) provides that:

The United States may be named as a party defendant in a civil action under this section to adjudicate a disputed title to real property in which the United States claims an interest, other than a security interest or water rights. This section does not apply to trust or restricted Indian lands, nor does it apply to or affect actions which may be or could have been brought under sections 1346, 1347, 1491, or 2410 of this title, sections 7424, 7425, or 7426 of the Internal Revenue Code of 1986, as amended (26 U.S.C. 7424, 7425, and 7426), or section 208 of the Act of July 10, 1952 (43 U.S.C. 666). 28 U.S.C.A. § 2409a (West).

28 U.S.C.A. §2409a(d) further provides that the complaint shall set forth with particularity the nature of interest which the plaintiff claims in the real property, the circumstances under which it was acquired, and interest claimed by the United States. 28 U.S.C.A. § 2409a (West).

The facts alleged in the Plaintiff's Petition clearly set forth a plausible claim on their face for relief under 28 U.S.C.A. §2409a.  Approximately $979,632.88 in materials and labor were furnished upon the Subject Property, covering the leasehold interest owned by Marina Del Rey,

LLC, and which is located upon and within the property described on the exhibits attached to Lease No. DACW56 attached to the Plaintiff's Petition as Exhibit "A" for which the Plaintiff was not paid.

Pursuant to 42 O.S. §141, et seq., the Plaintiff properly filed a Mechanic's and Materialman's Lien against the heretofore described Subject Property and leasehold interest of the defendant, Marina Del Rey, LLC, described above. The mechanic's lien as provided in 42 O.S. § 141 extends to the entire interest of the lessee in the leased premises. *Blalack v. Hoshall's A & A Plumbing Co.*, 1957 OK 244, ¶ 10, 318 P.2d 878, 880. The Plaintiff has the right to foreclose its lien pursuant to 42 O.S. 141, et seq.

The facts of the Plaintiff's Petition further show that Plaintiff's lien in and to the leasehold estate and the right to foreclose the same under 42 O.S. § 141, et seq. are adverse to the Secretary of the Army's interests in approving all subsequent assignments and conveyances of the Lease Agreement and that the Secretary shall not be obligated to recognize the right of any person or entity to an interest in this lease or to own or operate the facilities authorized thereunder acquired in violation of the Lease Agreement.

Therefore, the Plaintiff would seek an order of the Court to allow it to amend its Petition requesting that the Court adjudicate the respective interests in and to the leasehold interest being foreclosed and that in the event that the leasehold interest of the Lessee is sold at sheriff's sale that said interest be quieted in and to the purchaser thereof. Further, counsel for the United States has represented to counsel for the Plaintiff that it was not its intent that the entire action be dismissed but rather that the United States be dismissed. However, the Plaintiff would argue as set forth above that the Petition sufficiently states a claim for relief as against the United States.

**B. The action should not be dismissed under Rule 12(b)(1), as the action is not barred by Sovereign Immunity and the Court has Subject Matter Jurisdiction.**

As set forth above 28 U.S.C.A. §2409a(a) provides that the United States may be named as a party defendant in a civil action under §2409a to adjudicate a disputed title to real property in which the United States claims an interest, other than a security interest or water rights. The Supreme Court has held that the Quiet Title Act provides the exclusive means for bringing cases that depend on resolution of a dispute with the United States over a property interest. 476 U.S. at 844, 106 S.Ct. 2224. *Bd. of Comm'rs of Catron Cnty., N.M. v. United States*, 934 F. Supp. 2d 1298, 1308 (D.N.M. 2013).

28 U.S.C.A. §2409a permits the government to be named as a defendant whenever it claims an interest in real property that is "adverse," to that of the plaintiff and applies to the Plaintiff's action which is now before the Court.

In *United States v. Bedford Associates,* the plaintiff, argued that 28 U.S.C.A.§2409a confers subject matter jurisdiction of an action to foreclose a mortgage against the interest of the United States as lessee and the government argued it did not and the action was barred by the doctrine of sovereign immunity. *United States v. Bedford Associates*, 657 F.2d 1300, 1315 (2d Cir. 1981). The government argued that title to the property at issue was not in dispute and therefore, 28 U.S.C.A. 2409a did not apply. *Id*.

The 2nd Circuit found in *United States v. Bedford Associates* that 28 U.S.C.A. §2409a plainly permits a variety of suits besides the typical quiet title action, in which adverse claimants to real property seek an adjudication of title as between themselves. *Id.* The dispute under §2409a, need not present a question of title as to the United States but must involve property in which the United States claims an interest. *Id.*

The Court further found that the reference to "right, title or interest" of the United States in 28 U.S.C.A. §2409a(c) confirms the impression that the interest asserted by the government need not be a "title" or ownership interest but rather permits the government to be named as a defendant whenever it claims an interest in real property that is "adverse," to that of the plaintiff. *Id.*

In addition, the Court found that reference to the plaintiff's "right, title or interest" in §2409a(c) suggests that the plaintiff need not claim "title" to the property in order for its action to proceed under §2409a. *Id.* "Thus, the language of the statute indicates that the phrase 'adjudicate a disputed title' does not limit the waiver of sovereign immunity under 28 U.S.C.A. §2409a to traditional title disputes." *Id.* "The statute plainly contemplates litigation against the United States to adjudicate disputes about lesser interests, such as Bowery's mortgage and the government's lease." *Id.*

The Court further analyzed the legislative history of 28 U.S.C.A. 2409a finding that Congress used the concept of "quieting title" as a shorthand for almost any variety of suit concerning interests in land. *Id.* The Court specifically cited the House Report which provided that §2409a would permit suit against the United States by one who claimed an estate less than fee simple and that a prospective plaintiff under §2409a might claim no more than an easement or mineral rights. *Id*. citing See H.R.Rep.No.92-1559, 92d Cong., 2d Sess. 6 (1972), reprinted in (1972) U.S. Code Cong. & Ad.News 4547, 4552. The Court found that the interest of a mortgagee which that may empower him to force a sale of the property is no less substantial than examples that were before Congress and therefore a mortgage foreclosure action is an action "to adjudicate a disputed title" within the meaning of 28 U.S.C.A. §2409a. *Id.*

Based upon the analysis of 28 U.S.C.A. §2409a by the Court in *United States v. Bedford Associates,* the Plaintiff's mechanic's lien and its action upon the same fall within the parameters

of 28 U.S.C.A. §2409a. As set forth herein 28 U.S.C.A. §2409a permits the government to be named as a defendant whenever it claims an interest in real property that is "adverse," to that of the plaintiff. The Plaintiff's petition clearly sets forth that a conflict exists with respect to the interest of the United States and its Lease to the defendant, Marina Del Rey, LLC, and the Mechanic's Lien the Plaintiff seeks to foreclose.

**WHEREFORE** premises considered, the Plaintiff moves the Court to enter an order denying the United States of America's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim and further moves the Court to enter an order allowing the Plaintiff to amend its complaint to seek relief pursuant 28 U.S.C.A. §2409a.

**MORDY, MORDY, PFREHM & WILSON, P.C.**

*s/Carrie Pfrehm*
**Mike Mordy, OBA No. 6372**
**Carrie Pfrehm, OBA No. 22274**
**110 West Main/Post Office Box 457**
**Ardmore, Oklahoma 73402**
**Telephone: (580) 223-4384**
**Facsimile: (580) 226-0823**
**E-mail: mmordy@mordylaw.com**
**c.pfrehm@mordylaw.com**
***Attorneys for Plaintiff, Hull's Environmental Services, Inc.***

**CERTIFICATE OF SERVICE**

I, Carrie Pfrehm, hereby certify that on the 15th day of January, 2025, a true and correct copy of the above Plaintiff's Objection to United States of America's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim was electronically served on all interested parties using the Courts CM/ECF system

**By: s/Carrie Pfrehm**