# THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HULL'S ENVIRONMENTAL SERVICES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MARINA DEL REY, LLC; UNITED STATES OF AMERICA ex rel. SECRETARY OF ARMY/U.S. ARMY CORPS. OF ENGINEERS; SMS FINANCIAL STRATEGIC INVESTMENTS V, LLC; TODDS A/C, INC.; MIDWEST DOZER d/b/a MIDWEST DOZER, LLC; THE COUNTY TREASURER OF MARSHALL COUNTY, STATE OF OKLAHOMA AND THE BOARD OF COUNTY COMMISSIONERS OF MARSHALL COUNTY, STATE OF OKLAHOMA; GARRETT JOHNSON; ARGONAUT INSURANCE COMPANY, <br><br> Defendants. | Case No. 24-CV-00479-JAR |

## MARINA DEL REY, LLC AND GARRETT JOHNSON'S ANSWER TO PLAINTIFF HULL'S ENVIRONMENTAL SERVICES, INC.'S PETITION ("COMPLAINT")

Marina Del Rey, LLC ("Marina") and Garrett Johnson ("Johnson") (collectively, "Defendants") submit their answer to Plaintiff Hull's Environmental Services, Inc.'s Petition ("Complaint").

Each material allegation in Plaintiff's Complaint applicable to Defendants is expressly denied, except those allegations specifically admitted herein and only to the extent specifically admitted.

## FIRST CAUSE OF ACTION

1. For response to Paragraph 1 of the Complaint, Defendants admit that there exists an Assignment of Lease dated January 8, 2016, the terms of which speak for itself.

2. For response to Paragraph 2 of the Complaint, Defendants admit that there exists an Assignment of Lease dated January 8, 2016, the terms of which speak for itself, otherwise the allegations in said Paragraph are denied.

3. For response to Paragraph 3 of the Complaint, Defendants admit that there exists an Assignment of Lease dated January 8, 2016, the terms of which speak for itself, otherwise the allegations in said Paragraph are denied.

4. For response to Paragraph 4 of the Complaint, Defendants admit that Plaintiff provided certain labor and materials to repair damage from a storm, but is unable to admit or deny the other allegations in this paragraph, therefore, all remaining allegations are denied.

5. For response to Paragraph 5 of the Complaint, Defendants admit that Plaintiff provided certain labor and materials pursuant to the Emergency Services Agreement. Any and all remaining allegations are denied.

6. For response to Paragraph 6 of the Complaint, Defendants admit that Plaintiff provided certain labor and materials to repair damage from a storm, but is unable to admit or deny the other allegations in this paragraph, therefore, all remaining allegations are denied.

7. For response to Paragraph 7, Defendants admit that Plaintiff filed a Mechanic's and Materialman's lien. Any and all remaining allegations are denied.

8. Defendants do not have sufficient information to admit or deny the factual allegations contained in Paragraph 8 and therefore deny the same.

9. Defendants do not have sufficient information to admit or deny the factual allegations contained in Paragraph 9 and therefore deny the same.

10. Defendants do not have sufficient information to admit or deny the factual allegations contained in Paragraph 10 and therefore deny the same.

11. Defendants do not have sufficient information to admit or deny the factual allegations contained in Paragraph 11 and therefore deny the same.

12. Defendants do not have sufficient information to admit or deny the factual allegations contained in Paragraph 12 and therefore deny the same.

13. Defendants do not have sufficient information to admit or deny the factual allegations contained in Paragraph 13 and therefore deny the same.

14. Defendants do not have sufficient information to admit or deny the factual allegations contained in Paragraph 14 and therefore deny the same.

15. Defendants deny the paragraph beginning with "WHEREFORE" and Plaintiff's claim for relief.

## SECOND CAUSE OF ACTION

16. Paragraph 15 of the Complaint does not contain any factual allegations to respond to, otherwise the allegations in said Paragraph are denied.

17. Defendants admit Paragraph 16 of the Complaint.

18. Defendants admit the allegations in Paragraph 17 of the Complaint.

19. The Defendants are without sufficient information to admit or deny the allegations in Paragraph 18 of the Complaint, therefore such allegations are denied.

20. Defendants do not have sufficient information to admit or deny the factual allegations contained in Paragraph 19 and therefore deny the same.

21. Defendants do not have sufficient information to admit or deny the factual allegations contained in Paragraph 20 and therefore deny the same.

22. Defendants deny the factual allegations contained in Paragraph 21 of the Complaint.

23. Defendants do not have sufficient information to admit or deny the factual allegations contained in Paragraph 22 and therefore deny the same.

24. Defendants deny the paragraph beginning with "WHEREFORE" and Plaintiff's claim for relief.

## THIRD CAUSE OF ACTION

25. Paragraph 26 of the Complaint does not contain any factual allegations to respond to, therefore, any allegations in such Paragraph are denied.

26. For response to Paragraph 27 of the Complaint, Defendants admit that there exists an insurance policy between Defendants and Argonaut Insurance Company. The remaining allegations of Paragraph 27 are denied.

27. Defendants admit Paragraph 28 of the Complaint, except that they are unclear on the meaning of ", and the materials and services provided by the Plaintiff to remediate", therefore, such allegation is denied.

28. Defendants do not have sufficient information to admit or deny the factual allegations contained in Paragraph 29 and therefore deny the same.

29. Defendants do not have sufficient information to admit or deny the factual allegations contained in Paragraph 30 and therefore deny the same.

30. Defendants deny the factual allegations contained in Paragraph 31 of the Complaint.

31. Defendants deny the factual allegations contained in Paragraph 32 of the Complaint.

32. Defendants deny the paragraph beginning with "WHEREFORE" and Plaintiff's claim for relief.

## AFFIRMATIVE DEFENSES

Defendants, further answering and for its affirmative and other defenses to Plaintiff's Complaint, allege and state as follows:

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Some or all of Plaintiff's claims may be barred by the applicable statute of limitations or other periods of limitation.

3. Plaintiff's claims are barred in whole or part by the equitable doctrines of laches, consent, waiver, and/or estoppel.

4. Plaintiff has failed to mitigate its claimed damages.

5. Defendants expressly deny each and every allegation in Plaintiff's Complaint not specifically admitted herein.

6.Defendants expressly reserves the right to amend its affirmative defenses and add additional affirmative defenses as necessary and appropriate upon the discovery of additional information and/or pursuant to the Federal Rules of Civil Procedure or any Scheduling Order issued by this Court.

WHEREFORE, having fully answered and asserted its affirmative defenses, Defendants Marina Del Rey, LLC and Garrett Johnson respectfully request that Plaintiff take nothing by way of its Complaint, that judgment be granted in Defendants' favor and against Plaintiff on all claims alleged, that Defendants be awarded their costs and reasonable attorneys' fees incurred in defending this action as may be allowed by law, and that any such other and further relief be afforded Defendants as the Court deems just and equitable.

Dated:  January 22, 2025.

        **DOERNER, SAUNDERS, DANIEL & ANDERSON, L.L.P.**

        By: */s/*Emily E. Williams
          Michael S. Linscott, OBA #17266
          700 Williams Center Tower II
          Two West Second Street
          Tulsa, Oklahoma 74103-3522
          Telephone:  (918) 591-5288
          Facsimile:  (918) 925-5288
          E-mail:  mlinscott@dsda.com
          and
          Emily E. Williams, OBA No. 33456
          210 Park Avenue, Suite 1200
          Oklahoma City, OK 73102
          Telephone:  (405) 319-3500
          Facsimile:  (405) 319-3509
          ***ATTORNEYS FOR DEFENDANTS, MARINA DEL REY, LLC AND GARRETT JOHNSON***

## CERTIFICATE OF SERVICE

I hereby certify that the following parties are being served with a copy of this document on January 22, 2025, in accordance with the Federal Rules via CM/ECF.

Carrie Pfrehm

Mike Mordy

Michael J. O'Malley

Alexander J. Sisemore

Douglas Elliott

Stephen A. Melendi

*/s/*Emily E. Williams
Emily E. Williams

5330655.1

8598189.1