IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HULL'S ENVIROMENTAL SERVICES, INC.  ) | |
| Plaintiff,  ) | |
| v.  ) | Case No. 24-CIV-479-JAR |
|   ) | |
| UNITED STATES OF AMERICA, ex rel  ) | |
| SECRETARY OF ARMY / U.S. ARMY  ) | |
| CORPS OF ENGINEERS; et al.  ) | |
| Defendants.  ) | |

**DEFENDANT UNITED STATES OF AMERICA'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

COMES NOW Defendant United States of America, by and through Christopher J. Wilson, United States Attorney for the Eastern District of Oklahoma, and Michael O'Malley and Alexander Sisemore, Assistant United States Attorneys, and submits this Reply in support of its Motion to Dismiss [Dkt. #9]. Plaintiff's response brief [Dkt. #18] confirms Plaintiff requests relief for which no plausible cause of action against the United States may lie and that no waiver of the United States' sovereign immunity exists for Plaintiff's purported cause of action. Dismissal of the claims against the United States is proper.[1]

**ARGUMENTS AND AUTHORITIES**

At the very heart of Plaintiff's alleged cause of action against the United States is Plaintiff's request to reform the United States' lease with Marina Del Rey to remove the United States' contractual right—and obligation—to pre-approve any assignment of the lease based on its own independent judgment. [Dkt. #18, p. 5 of 8]. To request such relief, Plaintiff alleges an entitlement to a lien on a contract owned by the United States and an entitlement to foreclose on that contract

---

[1] The United States asserts no position on the viability of Plaintiff's claims against any of the co-defendants and have not moved to have those claims dismissed.

1

by way of forcing a sale and assignment of the contract against its very terms. Plaintiff's argument is in error.

### A.    No Lien May Attach to Property Owned by the United States

Plaintiff's response provides no legal basis to refute a basic, dispositive legal premise applicable to this case: No cause of action may lie to enforce a lien on property owned by the United States. Indeed, controlling United States Supreme Court precedent has long held that liens may not be provided upon the federal government's property. *See United States ex rel. Hill v. Am. Surety Co.*, 200 U.S. 197, 203 (1906) (cited approvingly in *Dep't of Army v. Blue Fox, Inc.*, 525 U.S. 255, 264 (1999)). The prohibition against liens on government property applies whether the government's property is real property or non-real property. *See e.g., United States ex rel. Hill*, 200 U.S. at 203 (holding "[a]s against the United States, no lien can be provided upon its public buildings or grounds [i.e., real property]"); *Blue Fox, Inc.*, 525 U.S. at 264 (ruling one cannot enforce liens against property owned by the United States without limiting its applicability to real property); *Stratton v. Bureau of Land Mgmt*, 2022 WL 1591599 (D. Colo. May 19, 2022) (Report and Recommendation) (recommending dismissal of case based on unenforceability of liens on livestock (i.e., personal property) owned by the federal Bureau of Land Management), *adopted in* 2002 WL 3099217 (D. Colo. June 9, 2022) (Order).

As discussed below, the prohibition against liens on federal property is fatal to Plaintiff's purported cause of action and request for relief.

### B.    Mechanics and Materialmen's Liens Attach to a Lessee's Leasehold Interests, not the Lease Contract, Under Oklahoma Law

Plaintiff's response appears to misconstrue the applicability of its purported lien rights. In its response, Plaintiff argues it has a lien on the lease itself between Marina Del Rey and the United States and that such is subject to foreclosure, *i.e.,* sale and assignment. While Plaintiff argues

Oklahoma law entitles Plaintiff to a lien on the contract itself, Plaintiff provides no citation for such a proposition.  Plaintiff appears to conflate a lien on a leasehold *interest* with a lien on a lease *agreement* (i.e., the legal instrument conveying the leasehold interest).  Defendant has found no case or statutory provision providing for a mechanic and materialmen's lien attaching to a lease contract whereby such can be foreclosed by forcing the assignment of the contract without permission by the lessor.  Instead, Oklahoma law is clear that a mechanic and materialmen's lien may attach to a lessee's *leasehold interest*.

Oklahoma's Mechanics and Materialmen's Lien statute contemplates liens on leasehold interests and specifically provides that "[i]f the title to the land is not in the person with whom such contract was made, then lien shall be allowed on the buildings and improvements on such land separately from the real estate." Okla. Stat. tit. 42, § 141.  In construing that language, the Oklahoma Supreme Court has ruled that when services are rendered to a lessee, a landlord's property interest is not subject to a mechanic and materialman's lien. *Bell v. Tollefson*, 782 P.2d 934 (Okla. 1989).

Oklahoma Supreme Court decisions addressing liens on lessee's interests have consistently found that a lien on a lessee's leasehold estate constitutes a lien upon certain improvements when such construction amounts to a new building, certain trade fixtures, and certain structures to which the lessor has a right of removal under the lease or when such can be removed without damage to the realty. *See Dieterle Plumbing & Heating v. Green*, 605 P.2d 1335 (Okla. 1980); *Statser v. Chickasaw Lumber Co.*, 327 P.2d 686 (Okla. 1958); *Blalack v. Hoshall's A&A Plumbing Co.*, 318 P.2d 878 (Okla. 1957); *Whitfield v. Friensley Bros. Lumber Co.*, 283 P. 985 (Okla. 1930).  The Oklahoma Supreme Court is similarly unequivocal that a mechanics and materialmen's lien may not attach when the work constitutes alterations or repairs. *Statser v. Chickasaw Lumber Co.*, 327

P.2d 686 (Okla. 1958). Conspicuously missing from any Oklahoma case found by Defendant and the statutory language of Title 42, section 141 of the Oklahoma Statutes is any reference to a right to a lien on any lease agreements or contracts.

Even assuming *arguendo* a lien could attach to the lease (i.e., the contract) itself, because the United States is a signatory to the lease and the lessor, the lease agreement constitutes property of the United States, and no lien may attach to the government's property, (*see* Part A, *supra*). To permit a lien to attach to a contract held by the United States under state law, and to force an assignment of that contract contrary to the consent of the United States required by that contract would be tantamount to a state statute removing the discretion of the United States to determine with whom to contract, under what circumstances the United States may contract, and the terms to be included in the contract. Here, Plaintiff's novel legal theory would result in a state statute being used to rewrite the terms of the United States' lease agreement by omitting the provision requiring any assignment of the lease to be pre-approved by the United States. No legal basis exists for Plaintiff's requested relief.

Moreover, Plaintiff is attempting to claim entitlement to contractual rights *held by the United States as lessor*—the right and obligation to pre-approve any assignments of the lease agreement. Even assuming the assignment provision constitutes an interest in real property and not merely a contractual right, it is a right held by the United States as lessor and not Marina Del Rey as lessee. Plaintiff identifies no law, and the United States is not aware of any, which purports to grant the holder of a mechanics and materialmen's lien on a lessee's leasehold interest any right to acquire authority over the *lessor's* rights. To the contrary, the United States Supreme Court has held, "[b]ut nothing is more clear than that laborers and materialmen do not have enforceable rights against the United States for their compensation." *United States v. Munsey Trust Co. of*

*Washington, D.C.*, 332 U.S. 234, 241 (1947). Likewise, a landlord's property interest is not subject to a mechanics and materialmen's lien under Oklahoma law. *See Bell v. Tollefson*, 782 P.2d 934 (Okla. 1989). Regardless, such rights are owned by the United States and cannot be subjected to liens.

C. **Title 28, Section 2409a of the United States Code is Not a Waiver of Sovereign Immunity for Liens on Government Property**

Plaintiff's reliance upon Title 28, section 2409a of the United States Code as a jurisdictional basis for its claims against the United States is in error. Plaintiff misconstrues the scope of 28 U.S.C. § 2409a and the cases addressing it.

Title 28, section 2409a of the United States Code provides *inter alia* "The United States may be named as a party defendant in a civil action under this section to adjudicate a title to real property in which the United States claims an interest . . . ."

Plaintiff claims 28 U.S.C. § 2409a applies because Plaintiff is "adverse" to the United States in that the right to foreclose its purported lien "under 42 O.S. § 141 et seq. [is] adverse to the Secretary of the Army's interest in approving all subsequent assignments and conveyances of the Lease Agreement and that the Secretary shall not be obligated to recognize the right of any person or entity to an interest in this lease or to own or operate the facilities authorized thereunder acquired in violation of the Lease." [Dkt. # 18 at 5].

As discussed above, neither Title 42, section 141 of the Oklahoma Statutes nor Oklahoma's common law authorizes Plaintiff to attach a mechanics and materialmen's lien on the lease agreement itself (*i.e.* the legal instrument) between Marina Del Rey and the United States. And even if a lien on that lease agreement were legally permissible, such agreement is property of the United States, and no lien may attach to property of the United States.

The above notwithstanding, Plaintiff erroneously argues 28 U.S.C. § 2409a applies because

Plaintiff is attempting to adjudicate title to a third-party's leasehold interest in property owned by the United States but provides no case whereby section 2409a applied to any liens on interests in government owned land or applied to lien on contracts owned by the federal government. Plaintiff only cites to *United States v. Bedford Associates*, 657 F.2d 1300 (2d Cir. 1981) to support its argument that 28 U.S.C. § 2409a applies here. *Bedford Associates* is an out of circuit opinion that involved the federal government's *non-ownership* interests in property and is inapposite. There, the federal government was a *lessee* and the plaintiff foreclosed its mortgage on the property owned by the non-governmental lessor and requested an adjudication of the government's interests in the property and the assignment of rents. *Id.* at 1302-03. Nowhere in *Bedford Associates* is there a ruling or discussion that 28 U.S.C. § 2409a authorizes foreclosure of liens on property *owned by the United States*, as is the case at bar. Nowhere in *Bedford Associates* is there a ruling or discussion that 28 U.S.C. § 2409a authorizes the attachment and foreclosure of mechanics and materialmen's liens on contracts held by the United States, as is the case at bar.

Section 2904a is a statute that allows the United States to be a party when a claimant claims a property interest to certain property in which the United States claims a competing, adverse interest. *See, e.g., United States v. Austin Two Tracts, L.P.*, 239 F. Supp. 2d 640 (E.D. Tex. 2002) (dismissing purported quiet title action under 28 U.S.C. § 2409a because there was no dispute between the parties as to what property rights each owned, finding that the plaintiff was merely trying to alter and reform the flowage easement rights owned by the United States). Such is not applicable here. Plaintiff is not asserting a cognizable interest in property that the United States is also asserting a competing, adverse interest in. By law, any lien claimed by Plaintiff may attach, at most, to certain improvements which are the responsibility of Marina Del Rey and which the United States claims no ownership in or entitlement to. In such case, there is no adverse,

competing interest held or asserted by the United States.

Moreover, the core of the purported dispute that Plaintiff identifies in its response is not a dispute over an interest in real property that the United States claims and to which Plaintiff has any entitlement; rather, it is a dispute over contractual rights held by the United States as lessor—the right and obligation to pre-approve any assignments of the lease agreement. Even assuming the assignment provision constitutes an interest in real property, it is a property right held by the United States as lessor and not Marina Del Rey as lessee. Dispositively, Plaintiff identifies no law, and the United States is not aware of any, which purports to grant the holder of a mechanics and materialmen's lien on a lessee's leasehold interest any right to acquire authority over the *lessor's* rights. *See* Section B, *supra*.

D.     **Title 42, Section 141 of the Oklahoma Statutes Cannot Waive the United States' Sovereign Immunity**

"Any waiver of the National Government's sovereign immunity must be unequivocal." *U.S. Dep't of Energy v. Ohio*, 503 U.S. 607, 615 (1992). Any waiver of sovereign immunity "must be construed strictly in favor of the sovereign, and not enlarged . . . beyond what the language requires." *Id.* at 615. Importantly, "[t]he basic rule of sovereign immunity is that the United States cannot be sued at all without the consent of *Congress*." *Block v. N., Dakota*, 461 U.S. 273, 287 (1983) (emphasis added); *cf. Sydnes v. United States*, 523 F.3d 1179, 1184 (10th Cir. 2008) (ruling state law and policy cannot waive the federal government's sovereign immunity in the context of the FTCA's Discretionary Function Exception); *Evans United States*, 876 F.3d 375, 381 (1st Cir. 2017) (ruling state law cannot be used to waive the United States' sovereign immunity under the FTCA's Discretionary Function Exception).

While the United States disputes the applicability of Section 42, section 141 of the Oklahoma Statutes substantively, the United States further disputes that such can be a basis to

7

argue that the United States has waived its sovereign immunity for this matter. At the center of Plaintiff's claim is an alleged entitlement to foreclose a lien on the United States' property. Plaintiff asserts it has a right to a cause of action under Title 42, section 141 of the Oklahoma Statutes. Specifically, Plaintiff claims a lien on the lease agreement between Marina Del Rey and the United States and asserts Plaintiff is entitled to foreclose its lien on that agreement by forcing an assignment of the agreement to the highest bidder at auction against the express contractual rights held by the United States. As discussed above, however, such cause of action is premised on the ability to attach a lien to non-real property owned by the United States. Plaintiff identifies no *federal statute* authorizing liens on the United States' lease agreements. The doctrine of intergovernmental sovereign immunity derives from the Supremacy Clause, U.S. Cons., art. VI, and is rooted in the Supreme Court's decision in *McCulloch v. Maryland*, 17 U.S. (4 Wheat.) 316 (1819). *See, e.g.*, *United States v. California*, 921 F.3d 865, 878 (9th Cir. 2019); *Boeing Co. v. Movassaghi*, 768 F.3d 832, 839 (9th Cir. 2014). The doctrine holds that state laws are invalid if they 'regulate the United States directly or discriminate against the Federal Government or those with whom it deals.'" *Boeing*, 768 F.3d at 839 (citation omitted); *accord California*, 921 F.3d at 878 (explaining that the doctrine mandates that "the activities of the Federal Government are free from regulation by any state.") (citation omitted). Even assuming Title 42, section 141 of the Oklahoma Statutes permitted a mechanics and materialmen's lien on the lease agreement, which the United States expressly disputes, a state statute authorizing such is insufficient to constitute a waiver of the United States' sovereign immunity against liens. Waivers of sovereign immunity must come from acts of Congress, and Plaintiff cites to none that apply to the facts of this case.

E.  **Plaintiff Should Not Be Granted Leave to Amend**

Finally, while leave to amend should be freely granted under Fed. R. Civ. P. 15(a), there

exist several circumstances where permission to amend should be denied. Among the grounds justifying denial of a motion to file an amended pleading is the futility of the amendment. *Gupta v. Okla. City Pub. Sch.*, 2021 U.S. Dist. LEXIS 180284, *15 (W.D. Ok 2021). *See also*, *e.g.*, *Foman v. Davis*, 371 U.S. 178 (1962); *Brown v. Wallace*, 957 F.2d 564, 566 (8th Cir. 1992); *Mitsui Foods, Inc. v. U.S.*, 867 F.2d 1401 (Fed. Cir. 1989).

To determine whether a proposed amendment is futile, the court must analyze the proposed amendment as if it were before the court on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Sheldon v. Vermonty*, 204 F.R.D. 679, 682 (D. Kan. 2001). Where, as in this case, the proposed change advances a claim that is legally insufficient on its face, the court may deny leave to amend. *Sooner Products Co. v. McBride*, 708 F.2d 510 (10th Cir. 1983); *Anderson v. Suiters*, 499 F.3d 1228 (10th Cir. 2007). The court is not required to allow an amendment which could not withstand a motion to dismiss, *Advent Electronics, Inc. v. Buckman*, 918 F. Supp. 260 (N. D. Ill. 1996). No amendment is appropriate here as Plaintiff has failed to offer any additional factual or legal allegations that would cure the deficiencies of the Complaint; accordingly, any amendment would be futile.

## CONCLUSION

WHEREFORE, premises considered, Defendant United States of America requests the Court grant its Motion to Dismiss and award the United States any other relief the Court deems just and equitable.

Respectfully submitted,

CHRISTOPHER J. WILSON
United States Attorney

*/s/Michael J. O'Malley*
MICHAEL J. O'MALLEY, OBA #22252
ALEXANDER SISEMORE, OBA #31225
Assistant United States Attorneys
520 Denison Avenue
Muskogee, OK 74401
Phone: 918-684-5176
Fax: 918-684-5130
Email: Michael.O'Malley@usdoj.gov
Email: Alexander.Sisemore@usdoj.gov

## CERTIFICATE OF MAILING

I hereby certify that on February 4, 2025, I electronically filed the foregoing, using the CM/ECF system for filing. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Mike Mordy
Carrie Pfrehm
Bradley Wilson
Conner Dunn
Douglas Elliott
Stephen Melendi
Michael Linscott
Emily Williams

*/s/Michael J. O'Malley*
Assistant United States Attorney

10