**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| HULL'S ENVIRONMENTAL SERVICES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. <u>6:24-cv-00479-JAR</u> |
| | ) | |
| UNITED STATES OF AMERICA ex rel | ) | |
| SECRETARY OF ARMY/U.S. ARMY CORPS OF | ) | |
| ENGINEERS, et al., | ) | |
| | ) | |
| Defendants/Cross-Plaintiffs. | ) | |

---

**MARINA DEL REY, LLC'S ANSWER TO ARGONAUT INSURANCE COMPANY'S
CROSSCLAIM FOR DECLARATORY JUDGMENT [DOC. NO. 11] AND
COUNTERCLAIM AGAINST ARGONAUT INSURANCE COMPANY**

---

COMES NOW Defendant/Cross-Defendant Marina Del Rey, LLC (hereinafter "Marina Del Rey"), by and through its attorney of record, and files the following Answer to Defendant/Cross-Plaintiff Argonaut Insurance Company's (hereinafter "Argonaut") Crossclaim for Declaratory Judgment (hereinafter "Crossclaim"), Doc. No. 11, as well as Marina Del Rey's related Counterclaim against Argonaut. In support of the same, Marina Del Rey would respectfully show this Honorable Court as follows:

**MARINA DEL REY'S ANSWER TO
<u>ARGONAUT'S CROSSCLAIM FOR DECLARATORY JUDGMENT</u>**

**1.**      In response to Paragraph No. 1 of Argonaut's Crossclaim, Marina Del Rey admits the same.

**2.**      In response to Paragraph No. 2 of Argonaut's Crossclaim, Marina Del Rey admits the same.

**3.**     In response to Paragraph No. 3 of Argonaut's Crossclaim, Marina Del Rey admits that Argonaut has filed for declaratory relief pursuant to the stated authority but denies Argonaut's grounds and contentions for its Crossclaim and denies as to all else.

**4.**     In response to Paragraph No. 4 of Argonaut's Crossclaim, Marina Del Rey admits that venue is proper and that a dispute exists pursuant to the policy of insurance purchased from Argonaut by Marina Del Rey.  However, Marina Del Rey denies Argonaut's grounds and contentions for its Crossclaim and denies as to all else.

**5.**     In response to Paragraph No. 5 of Argonaut's Crossclaim, Marina Del Rey admits that subject matter jurisdiction is proper pursuant to the stated authority.  However, Marina Del Rey denies Hull Environmental Services, Inc.'s claims and causes of action made against Marina in the referenced underlying action and denies as to all else.

**6.**     In response to Paragraph No. 6 of Argonaut's Crossclaim, Marina Del Rey admits that supplemental jurisdiction is proper pursuant to the stated authority.  However, Marina Del Rey denies Hull Environmental Services, Inc.'s claims and causes of action made against Marina in the referenced underlying action and denies as to all else.

**7.**     In response to Paragraph No. 7 of Argonaut's Crossclaim, Marina Del Rey admits the same.

**8.**     In response to Paragraph No. 8 of Argonaut's Crossclaim, Marina Del Rey admits the same.

**9.**     In response to Paragraph No. 9 of Argonaut's Crossclaim, Marina Del Rey admits that the language of the referenced and attached exhibit speaks for itself.  However, Marina Del Rey denies any characterization or summarization of that document that is inconsistent with its contents and denies as to all else.

10.      In response to Paragraph No. 10 of Argonaut's Crossclaim, Marina Del Rey admits that the language of the referenced and attached exhibit speaks for itself.  However, Marina Del Rey denies any characterization or summarization of that document that is inconsistent with its contents and denies as to all else.

11.      In response to Paragraph No. 11 of Argonaut's Crossclaim, Marina Del Rey admits that the language of the referenced and attached exhibit speaks for itself.  However, Marina Del Rey denies any characterization or summarization of that document that is inconsistent with its contents and denies as to all else.

12.      In response to Paragraph No. 12 of Argonaut's Crossclaim, Marina Del Rey admits that the language of the referenced and attached exhibit speaks for itself.  However, Marina Del Rey denies any characterization or summarization of that document that is inconsistent with its contents and denies as to all else.

13.      In response to Paragraph No. 13 of Argonaut's Crossclaim, Marina Del Rey admits that the language of the referenced and attached exhibit speaks for itself.  However, Marina Del Rey denies any characterization or summarization of that document that is inconsistent with its contents and denies as to all else.

14.      In response to Paragraph No. 14 of Argonaut's Crossclaim, Marina Del Rey admits that the language of the referenced and attached exhibit speaks for itself.  However, Marina Del Rey denies any characterization or summarization of that document that is inconsistent with its contents and denies as to all else.

15.      In response to Paragraph No. 15 of Argonaut's Crossclaim, Marina Del Rey denies as to all.

**16.** In response to Paragraph No. 16 of Argonaut's Crossclaim, Marina Del Rey denies as to all.

**17.** In response to Paragraph No. 17 of Argonaut's Crossclaim, Marina Del Rey admits that the language of the referenced and attached exhibit speaks for itself. However, Marina Del Rey denies any characterization or summarization of that document that is inconsistent with its contents and denies as to all else.

**18.** In response to Paragraph No. 18 of Argonaut's Crossclaim, Marina Del Rey denies as to all.

**19.** In response to Paragraph No. 19 of Argonaut's Crossclaim, Marina Del Rey admits that the language of the referenced and attached exhibit speaks for itself. However, Marina Del Rey denies any characterization or summarization of that document that is inconsistent with its contents and denies as to all else.

**20.** In response to Paragraph No. 20 of Argonaut's Crossclaim, Marina Del Rey admits that the language of the referenced and attached exhibit speaks for itself. However, Marina Del Rey denies any characterization or summarization of that document that is inconsistent with its contents and denies as to all else.

**21.** In response to Paragraph No. 21 of Argonaut's Crossclaim, Marina Del Rey admits that the language of the referenced and attached exhibit speaks for itself. However, Marina Del Rey denies any characterization or summarization of that document that is inconsistent with its contents and denies as to all else.

**22.** In response to Paragraph No. 22 of Argonaut's Crossclaim, Marina Del Rey admits that the language of the referenced and attached exhibit speaks for itself. However, Marina Del

Rey denies any characterization or summarization of that document that is inconsistent with its contents and denies as to all else.

23.     In response to Paragraph No. 23 of Argonaut's Crossclaim, Marina Del Rey lacks the requisite knowledge to either admit or deny the same.  Therefore, Marina Del Rey denies as to all.

24.     In response to Paragraph No. 24 of Argonaut's Crossclaim, Marina Del Rey admits that the language of the referenced and attached exhibit speaks for itself.  However, Marina Del Rey denies any characterization or summarization of that document that is inconsistent with its contents and denies as to all else.

25.     In response to Paragraph No. 25 of Argonaut's Crossclaim, Marina Del Rey admits the same.

26.     In response to Paragraph No. 26 of Argonaut's Crossclaim, Marina Del Rey admits the same.

27.     In response to Paragraph No. 27 of Argonaut's Crossclaim, Marina Del Rey admits the same.

28.     In response to Paragraph No. 28 of Argonaut's Crossclaim, Marina Del Rey denies as to all.

29.     In response to Paragraph No. 29 of Argonaut's Crossclaim, Marina Del Rey denies as to all.

30.     In response to Paragraph No. 30 of Argonaut's Crossclaim, Marina Del Rey denies as to all.

31.     In response to Paragraph No. 31 of Argonaut's Crossclaim, Marina Del Rey admits that the referenced lawsuit was filed.  However, Marina Del Rey denies Hull Environmental

Services, Inc.'s claims and causes of action made against Marina Del Rey in the referenced underlying action and denies as to all else.

32.     In response to Paragraph No. 32 of Argonaut's Crossclaim for Declaratory Judgment, Marina Del Rey incorporates its responses to the corresponding paragraphs referenced therein.

33.     In response to Paragraph No. 33 of Argonaut's Crossclaim, Marina Del Rey admits that the Policy constitutes the best evidence of its contents.  However, Marina Del Rey denies that such includes all relevant terms constituting the Policy, as well as any characterization or summarization of the Policy that is inconsistent with the contents and context of the Policy.  Marina Del Rey further denies Argonaut's related contentions as to coverage or damages owed, and denies as to all else.  For further response, *see* Counterclaim *infra*.

34.     In response to Paragraph No. 34 of Argonaut's Crossclaim, Marina Del Rey admits that the Policy constitutes the best evidence of its contents.  However, Marina Del Rey denies that such includes all relevant terms constituting the Policy, as well as any characterization or summarization of the Policy that is inconsistent with the contents and context of the Policy.  Marina Del Rey further denies Argonaut's related contentions as to coverage or damages owed, and denies as to all else. For further response, *see* Counterclaim *infra*.

35.     In response to Paragraph No. 35 of Argonaut's Crossclaim, Marina Del Rey admits that the Policy constitutes the best evidence of its contents.  However, Marina Del Rey denies that such includes all relevant terms constituting the Policy, as well as any characterization or summarization of the Policy that is inconsistent with the contents and context of the Policy.  Marina Del Rey further denies Argonaut's related contentions as to coverage or damages owed, and denies as to all else. For further response, *see* Counterclaim *infra*.

36.    In response to Paragraph No. 36 of Argonaut's Crossclaim, Marina Del Rey admits that the Policy constitutes the best evidence of its contents.  However, Marina Del Rey denies that such includes all relevant terms constituting the Policy, as well as any characterization or summarization of the Policy that is inconsistent with the contents and context of the Policy.  Marina Del Rey further denies Argonaut's related contentions as to coverage or damages owed, and denies as to all else. For further response, *see* Counterclaim *infra*.

37.    In response to Paragraph No. 37 of Argonaut's Crossclaim, Marina Del Rey admits that the Policy constitutes the best evidence of its contents.  However, Marina Del Rey denies that such includes all relevant terms constituting the Policy, as well as any characterization or summarization of the Policy that is inconsistent with the contents and context of the Policy.  Marina Del Rey further denies Argonaut's related contentions as to coverage or damages owed, and denies as to all else. For further response, *see* Counterclaim *infra*.

38.    In response to Paragraph No. 38 of Argonaut's Crossclaim, Marina Del Rey admits that the Policy constitutes the best evidence of its contents.  However, Marina Del Rey denies that such includes all relevant terms constituting the Policy, as well as any characterization or summarization of the Policy that is inconsistent with the contents and context of the Policy.  Marina Del Rey further denies Argonaut's related contentions as to coverage or damages owed, and denies as to all else. For further response, *see* Counterclaim *infra*.

39.    In response to Paragraph No. 39 of Argonaut's Crossclaim, Marina Del Rey admits that the Policy constitutes the best evidence of its contents.  However, Marina Del Rey denies that such includes all relevant terms constituting the Policy, as well as any characterization or summarization of the Policy that is inconsistent with the contents and context of the Policy.  Marina

Del Rey further denies Argonaut's related contentions as to coverage or damages owed and denies as to all else. For further response, *see* Counterclaim *infra*.

40.    In response to Paragraph No. 40 of Argonaut's Crossclaim, Marina Del Rey admits that the Policy constitutes the best evidence of its contents.  However, Marina Del Rey denies that such includes all relevant terms constituting the Policy, as well as any characterization or summarization of the Policy that is inconsistent with the contents and context of the Policy.  Marina Del Rey further denies Argonaut's related contentions as to coverage or damages owed, and denies as to all else. For further response, *see* Counterclaim *infra*.

41.    In response to Paragraph No. 41 of Argonaut's Crossclaim, Marina Del Rey denies as to all. For further response, *see* Counterclaim *infra*.

42.    In response to Paragraph No. 42 of Argonaut's Crossclaim, Marina Del Rey denies as to all. For further response, *see* Counterclaim *infra*.

43.    In response to Paragraph No. 43 of Argonaut's Crossclaim, Marina Del Rey denies as to all. For further response, *see* Counterclaim *infra*.

44.    In response to Paragraph No. 44 of Argonaut's Crossclaim, Marina Del Rey admits that it has made a proper demand for all owed but unpaid insurance proceeds but denies as to all else. For further response, *see* Counterclaim *infra*.

45.    In response to Paragraph No. 45 of Argonaut's Crossclaim for Declaratory Judgment, Marina Del Rey denies as to all. For further response, *see* Counterclaim *infra*.

46.    In response to Paragraph No. 46 of Argonaut's Crossclaim, Marina Del Rey admits that a dispute objectively exists between the parties but denies as to all else. For further response, *see* Counterclaim *infra*.

47.      In response to Paragraph No. 47 of Argonaut's Crossclaim, Marina Del Rey denies as to all. For further response, *see* Counterclaim *infra*.

48.      In response to Paragraph No. 48 of Argonaut's Crossclaim, Marina Del Rey incorporates its responses to the corresponding paragraphs referenced therein.

49.      In response to Paragraph No. 49 of Argonaut's Crossclaim, Marina Del Rey admits that the Policy constitutes the best evidence of its contents.  However, Marina Del Rey denies that such includes all relevant terms constituting the Policy, any characterization or summarization of the Policy that is inconsistent with the contents and context of the Policy, and all else. For further response, *see* Counterclaim *infra*.

50.      In response to Paragraph No. 50 of Argonaut's Crossclaim, Marina Del Rey admits that the Policy constitutes the best evidence of its contents.  However, Marina Del Rey denies that such includes all relevant terms constituting the Policy, any characterization or summarization of the Policy that is inconsistent with the contents and context of the Policy, and all else. For further response, *see* Counterclaim *infra*.

51.      In response to Paragraph No. 51 of Argonaut's Crossclaim, Marina Del Rey admits that the Policy constitutes the best evidence of its contents.  However, Marina Del Rey denies that such includes all relevant terms constituting the Policy, any characterization or summarization of the Policy that is inconsistent with the contents and context of the Policy, and all else. For further response, *see* Counterclaim *infra*.

52.      In response to Paragraph No. 52 of Argonaut's Crossclaim, Marina Del Rey admits that the Policy constitutes the best evidence of its contents.  However, Marina Del Rey denies that such includes all relevant terms constituting the Policy, any characterization or summarization of

the Policy that is inconsistent with the contents and context of the Policy, and all else. For further response, *see* Counterclaim *infra*.

53.    In response to Paragraph No. 53 of Argonaut's Crossclaim, Marina Del Rey admits that the Policy constitutes the best evidence of its contents.  However, Marina Del Rey denies that such includes all relevant terms constituting the Policy, any characterization or summarization of the Policy that is inconsistent with the contents and context of the Policy, and all else. For further response, *see* Counterclaim *infra*.

54.    In response to Paragraph No. 54 of Argonaut's Crossclaim, Marina Del Rey admits that it has made a proper demand for all owed but unpaid insurance proceeds but denies as to all else. For further response, *see* Counterclaim *infra*.

55.    In response to Paragraph No. 55 of Argonaut's Crossclaim, Marina Del Rey denies as to all. For further response, *see* Counterclaim *infra*.

56.    In response to Paragraph No. 56 of Argonaut's Crossclaim, Marina Del Rey denies as to all. For further response, *see* Counterclaim *infra*.

57.    In response to Paragraph No. 57 of Argonaut's Crossclaim, Marina Del Rey denies as to all. For further response, *see* Counterclaim *infra*.

58.    In response to Paragraph No. 58 of Argonaut's Crossclaim, Marina Del Rey incorporates by reference its responses to the corresponding paragraphs referenced therein.

59.    In response to Paragraph No. 59 of Argonaut's Crossclaim, Marina Del Rey admits that the Policy constitutes the best evidence of its contents.  However, Marina Del Rey denies that such includes all relevant terms constituting the Policy, any characterization or summarization of the Policy that is inconsistent with the contents and context of the Policy, and all else. For further response, *see* Counterclaim *infra*.

**60.**    In response to Paragraph No. 60 of Argonaut's Crossclaim, Marina Del Rey admits that the Policy constitutes the best evidence of its contents.  However, Marina Del Rey denies that such includes all relevant terms constituting the Policy, any characterization or summarization of the Policy that is inconsistent with the contents and context of the Policy, and all else. For further response, *see* Counterclaim *infra*.

**61.**    In response to Paragraph No. 61 of Argonaut's Crossclaim, Marina Del Rey admits that the Policy constitutes the best evidence of its contents.  However, Marina Del Rey denies that such includes all relevant terms constituting the Policy, any characterization or summarization of the Policy that is inconsistent with the contents and context of the Policy, and all else. For further response, *see* Counterclaim *infra*.

**62.**    In response to Paragraph No. 62 of Argonaut's Crossclaim, Marina Del Rey admits that the Policy constitutes the best evidence of its contents.  However, Marina Del Rey denies that such includes all relevant terms constituting the Policy, any characterization or summarization of the Policy that is inconsistent with the contents and context of the Policy, and all else. For further response, *see* Counterclaim *infra*.

**63.**    In response to Paragraph No. 63 of Argonaut's Crossclaim, Marina Del Rey admits that the Policy constitutes the best evidence of its contents.  However, Marina Del Rey denies that such includes all relevant terms constituting the Policy, any characterization or summarization of the Policy that is inconsistent with the contents and context of the Policy, and all else. For further response, *see* Counterclaim *infra*.

**64.**    In response to Paragraph No. 64 of Argonaut's Crossclaim, Marina Del Rey admits the same.

**65.**　　In response to Paragraph No. 65 of Argonaut's Crossclaim, Marina Del Rey admits the same.

**66.**　　In response to Paragraph No. 66 of Argonaut's Crossclaim, Marina Del Rey denies as to all. For further response, *see* Counterclaim *infra*.

**67.**　　In response to Paragraph No. 67 of Argonaut's Crossclaim, Marina Del Rey denies as to all. For further response, *see* Counterclaim *infra*.

**68.**　　In response to Paragraph No. 68 of Argonaut's Crossclaim, Marina Del Rey denies as to all. For further response, *see* Counterclaim *infra*.

**69.**　　In response to Paragraph No. 69 of Argonaut's Crossclaim, Marina Del Rey admits that it has made a proper demand for all owed but unpaid insurance proceeds but denies as to all else. For further response, *see* Counterclaim *infra*.

**70.**　　In response to Paragraph No. 70 of Argonaut's Crossclaim, Marina Del Rey denies as to all. For further response, *see* Counterclaim *infra*.

**71.**　　In response to Paragraph No. 71 of Argonaut's Crossclaim, Marina Del Rey admits that a dispute objectively exists between the parties but denies as to all else. For further response, *see* Counterclaim *infra*.

**72.**　　In response to Paragraph No. 72 of Argonaut's Crossclaim, Marina Del Rey admits that Argonaut is ostensibly seeking the referenced relief from this Honorable Court, but denies any contention or suggestion that Marina Del Rey has, to date, failed in supplying evidence as to liability or damages against Argonaut for all policy proceeds it is seeking. Marina Del Rey further denies as to all else. For further response, *see* Counterclaim *infra*.

**73.**　　In response to Paragraph No. 73 of Argonaut's Crossclaim, Marina Del Rey incorporates its responses to the corresponding paragraphs referenced therein.

**74.**     In response to Paragraph No. 74 of Argonaut's Crossclaim, Marina Del Rey denies as to all. For further response, *see* Counterclaim *infra*.

**75.**     In response to Paragraph No. 75 of Argonaut's Crossclaim, Marina Del Rey admits that the referenced duty exists, as does the authority cited therewith.  However, Marina Del Rey denies that it breached that duty and as to all else. For further response, *see* Counterclaim *infra*.

**76.**     In response to Paragraph No. 76 of Argonaut's Crossclaim, Marina Del Rey denies as to all. For further response, *see* Counterclaim *infra*.

**77.**     In response to Paragraph No. 77 of Argonaut's Crossclaim, Marina Del Rey denies any contention or suggestion that it was less than truthful in the application process, and as to all else. For further response, *see* Counterclaim *infra*.

**78.**     In response to Paragraph No. 78 of Argonaut's Crossclaim, Marina Del Rey denies as to all. For further response, *see* Counterclaim *infra*.

**79.**     In response to Paragraph No. 79 of Argonaut's Crossclaim, Marina Del Rey admits that it has made a proper demand for all owed but unpaid insurance proceeds but denies as to all else. For further response, *see* Counterclaim *infra*.

**80.**     In response to Paragraph No. 80 of Argonaut's Crossclaim, Marina Del Rey denies as to all. For further response, *see* Counterclaim *infra*.

**81.**     In response to Paragraph No. 81 of Argonaut's Crossclaim, Marina Del Rey admits that a dispute objectively exists between the parties but denies as to all else. For further response, *see* Counterclaim *infra*.

**82.**     In response to Paragraph No. 82 of Argonaut's Crossclaim, Marina Del Rey denies as to all. For further response, *see* Counterclaim *infra*.

83.     In response to Paragraph No. 83 of Argonaut's Crossclaim, Marina Del Rey incorporates its responses to the corresponding paragraphs referenced therein.

84.     In response to Paragraph No. 84 of Argonaut's Crossclaim, Marina Del Rey admits that the Policy constitutes the best evidence of its contents.  However, Marina Del Rey denies that such includes all relevant terms constituting the Policy, any characterization or summarization of the Policy that is inconsistent with the contents and context of the Policy, and all else. For further response, *see* Counterclaim *infra*.

85.     In response to Paragraph No. 85 of Argonaut's Crossclaim, Marina Del Rey admits that the Policy constitutes the best evidence of its contents.  However, Marina Del Rey denies that such includes all relevant terms constituting the Policy, any characterization or summarization of the Policy that is inconsistent with the contents and context of the Policy, and all else. For further response, *see* Counterclaim *infra*.

86.     In response to Paragraph No. 86 of Argonaut's Crossclaim, Marina Del Rey admits that the Policy constitutes the best evidence of its contents.  However, Marina Del Rey denies that such includes all relevant terms constituting the Policy, any characterization or summarization of the Policy that is inconsistent with the contents and context of the Policy, and all else. For further response, *see* Counterclaim *infra*.

87.     In response to Paragraph No. 87 of Argonaut's Crossclaim, Marina Del Rey admits that Argonaut ostensibly made the referenced determination but denies as to all else. For further response, *see* Counterclaim *infra*.

88.     In response to Paragraph No. 88 of Argonaut's Crossclaim, Marina Del Rey admits that Argonaut ostensibly made the referenced determination but denies as to all else. For further response, *see* Counterclaim *infra*.

**89.**     In response to Paragraph No. 89 of Argonaut's Crossclaim, Marina Del Rey admits that Argonaut ostensibly made the referenced determination but denies its accuracy or legal effect, and as to all else. For further response, *see* Counterclaim *infra*.

**90.**     In response to Paragraph No. 90 of Argonaut's Crossclaim, Marina Del Rey admits that it has made a proper demand for all owed but unpaid insurance proceeds but denies as to all else. For further response, *see* Counterclaim *infra*.

**91.**     In response to Paragraph No. 91 of Argonaut's Crossclaim, Marina Del Rey denies as to all. For further response, *see* Counterclaim *infra*.

**92.**     In response to Paragraph No. 92 of Argonaut's Crossclaim, Marina Del Rey denies as to all. For further response, *see* Counterclaim *infra*.

**93.**     In response to Paragraph No. 93 of Argonaut's Crossclaim, Marina Del Rey denies as to all. For further response, *see* Counterclaim *infra*.

**94.**     In response to Paragraph No. 94 of Argonaut's Crossclaim, Marina Del Rey incorporates its responses to the corresponding paragraphs referenced therein.

**95.**     In response to Paragraph No. 95 of Argonaut's Crossclaim, Marina Del Rey admits that the Policy constitutes the best evidence of its contents.  However, Marina Del Rey denies that such includes all relevant terms constituting the Policy, any characterization or summarization of the Policy that is inconsistent with the contents and context of the Policy, and all else. For further response, *see* Counterclaim *infra*.

**96.**     In response to Paragraph No. 96 of Argonaut's Crossclaim, Marina Del Rey admits that the Policy constitutes the best evidence of its contents.  However, Marina Del Rey denies that such includes all relevant terms constituting the Policy, any characterization or summarization of

the Policy that is inconsistent with the contents and context of the Policy, and all else. For further response, *see* Counterclaim *infra*.

97.     In response to Paragraph No. 97 of Argonaut's Crossclaim, Marina Del Rey admits that the Policy constitutes the best evidence of its contents.  However, Marina Del Rey denies that such includes all relevant terms constituting the Policy, any characterization or summarization of the Policy that is inconsistent with the contents and context of the Policy, and all else. For further response, *see* Counterclaim *infra*.

98.     In response to Paragraph No. 98 of Argonaut's Crossclaim, Marina Del Rey admits that the Policy constitutes the best evidence of its contents.  However, Marina Del Rey denies that such includes all relevant terms constituting the Policy, any characterization or summarization of the Policy that is inconsistent with the contents and context of the Policy, and all else. For further response, *see* Counterclaim *infra*.

99.     In response to Paragraph No. 99 of Argonaut's Crossclaim, Marina Del Rey admits that the Policy constitutes the best evidence of its contents.  However, Marina Del Rey denies that such includes all relevant terms constituting the Policy, any characterization or summarization of the Policy that is inconsistent with the contents and context of the Policy, and all else. For further response, *see* Counterclaim *infra*.

100.     In response to Paragraph No. 100 of Argonaut's Crossclaim, Marina Del Rey admits that the Policy constitutes the best evidence of its contents.  However, Marina Del Rey denies that such includes all relevant terms constituting the Policy, any characterization or summarization of the Policy that is inconsistent with the contents and context of the Policy, and all else. For further response, *see* Counterclaim *infra*.

**101.**     In response to Paragraph No. 101 of Argonaut's Crossclaim, Marina Del Rey admits that the Policy constitutes the best evidence of its contents.  However, Marina Del Rey denies that such includes all relevant terms constituting the Policy, any characterization or summarization of the Policy that is inconsistent with the contents and context of the Policy, and all else. For further response, *see* Counterclaim *infra*.

**102.**     In response to Paragraph No. 102 of Argonaut's Crossclaim, Marina Del Rey admits that Argonaut ostensibly made the referenced determination but denies its accuracy or legal effect, and as to all else. For further response, *see* Counterclaim *infra*.

**103.**     In response to Paragraph No. 103 of Argonaut's Crossclaim, Marina Del Rey admits that Argonaut ostensibly made the referenced determination but denies its accuracy or legal effect, and as to all else. For further response, *see* Counterclaim *infra*.

**104.**     In response to Paragraph No. 104 of Argonaut's Crossclaim, Marina Del Rey admits that Argonaut ostensibly made the referenced determination but denies its accuracy or legal effect, and as to all else. For further response, *see* Counterclaim *infra*.

**105.**     In response to Paragraph No. 105 of Argonaut's Crossclaim, Marina Del Rey admits that Argonaut ostensibly made the referenced determination but denies its accuracy or legal effect, and as to all else. For further response, *see* Counterclaim *infra*.

**106.**     In response to Paragraph No. 106 of Argonaut's Crossclaim, Marina Del Rey admits that it has made a proper demand for all owed but unpaid insurance proceeds but denies as to all else. For further response, *see* Counterclaim *infra*.

**107.**     In response to Paragraph No. 107 of Argonaut's Crossclaim, Marina Del Rey denies as to all. For further response, *see* Counterclaim *infra*.

**108.**    In response to Paragraph No. 108 of Argonaut's Crossclaim, Marina Del Rey admits that a dispute objectively exists between the parties but denies as to all else. For further response, *see* Counterclaim *infra*.

**109.**    In response to Paragraph No. 109 of Argonaut's Crossclaim, Marina Del Rey denies as to all. For further response, *see* Counterclaim *infra*.

**110.**    In response to Paragraph No. 110 of Argonaut's Crossclaim, Marina Del Rey incorporates its responses to the corresponding paragraphs referenced therein .

**111.**    In response to Paragraph No. 111 of Argonaut's Crossclaim, Marina Del Rey admits that the Policy constitutes the best evidence of its contents.  However, Marina Del Rey denies that such includes all relevant terms constituting the Policy, any characterization or summarization of the Policy that is inconsistent with the contents and context of the Policy, and all else. For further response, *see* Counterclaim *infra*.

**112.**    In response to Paragraph No. 112 of Argonaut's Crossclaim, Marina Del Rey admits that the Policy constitutes the best evidence of its contents.  However, Marina Del Rey denies that such includes all relevant terms constituting the Policy, any characterization or summarization of the Policy that is inconsistent with the contents and context of the Policy, and all else. For further response, *see* Counterclaim *infra*.

**113.**    In response to Paragraph No. 113 of Argonaut's Crossclaim, Marina Del Rey admits that the Policy constitutes the best evidence of its contents.  However, Marina Del Rey denies that such includes all relevant terms constituting the Policy, any characterization or summarization of the Policy that is inconsistent with the contents and context of the Policy, and all else. For further response, *see* Counterclaim *infra*.

**114.**    In response to Paragraph No. 114 of Argonaut's Crossclaim, Marina Del Rey admits that the Policy constitutes the best evidence of its contents.  However, Marina Del Rey denies that such includes all relevant terms constituting the Policy, any characterization or summarization of the Policy that is inconsistent with the contents and context of the Policy, and all else. For further response, *see* Counterclaim *infra*.

**115.**    In response to Paragraph No. 115 of Argonaut's Crossclaim, Marina Del Rey admits that the Policy constitutes the best evidence of its contents.  However, Marina Del Rey denies that such includes all relevant terms constituting the Policy, any characterization or summarization of the Policy that is inconsistent with the contents and context of the Policy, and all else. For further response, *see* Counterclaim *infra*.

**116.**    In response to Paragraph No. 116 of Argonaut's Crossclaim, Marina Del Rey admits that the Policy constitutes the best evidence of its contents.  However, Marina Del Rey denies that such includes all relevant terms constituting the Policy, any characterization or summarization of the Policy that is inconsistent with the contents and context of the Policy, and all else.

**117.**    In response to Paragraph No. 117 of Argonaut's Crossclaim, Marina Del Rey admits that the Policy terms speak for themself.  However, Marina Del Rey denies that such includes all relevant terms constituting the Policy, any characterization or summarization of the Policy that is inconsistent with the contents and context of the Policy, and all else. For further response, *see* Counterclaim *infra*.

**118.**    In response to Paragraph No. 118 of Argonaut's Crossclaim, Marina Del Rey admits that Argonaut ostensibly made the referenced determination but denies its accuracy or legal effect, and as to all else. For further response, *see* Counterclaim *infra*.

**119.**    In response to Paragraph No. 119 of Argonaut's Crossclaim, Marina Del Rey admits that Argonaut ostensibly made the referenced determination but denies its accuracy or legal effect, and as to all else. For further response, *see* Counterclaim *infra*.

**120.**    In response to Paragraph No. 120 of Argonaut's Crossclaim, Marina Del Rey admits that Argonaut ostensibly made the referenced determination but denies its accuracy or legal effect, and as to all else. For further response, *see* Counterclaim *infra*.

**121.**    In response to Paragraph No. 121 of Argonaut's Crossclaim, Marina Del Rey admits that it has made a proper demand for all owed but unpaid insurance proceeds but denies as to all else. For further response, *see* Counterclaim *infra*.

**122.**    In response to Paragraph No. 122 of Argonaut's Crossclaim, Marina Del Rey denies as to all. For further response, *see* Counterclaim *infra*.

**123.**    In response to Paragraph No. 123 of Argonaut's Crossclaim, Marina Del Rey admits that a dispute objectively exists between the parties but denies as to all else. For further response, *see* Counterclaim *infra*.

**124.**    In response to Paragraph No. 124 of Argonaut's Crossclaim, Marina Del Rey denies as to all. For further response, *see* Counterclaim *infra*.

**125.**    Paragraph No. 125 of Argonaut's Crossclaim appears to be blank, therefore requiring no response from Marina Del Rey.  However, in an abundance of caution, to the extent that said paragraph encompasses the subsequent "WHEREFORE" paragraph or sub-paragraphs, Marina Del Rey denies as to all.

**126.**    In regard to the final "WHEREFORE" paragraph and sub-paragraphs of Argonaut's Crossclaim, including the prayer or request for relief within, Marina Del Rey denies as to all, although it avers that no answer or further response is required.

## <u>AFFIRMATIVE DEFENSES</u>

**1.**     Marina Del Ray incorporates by reference its Counterclaim *infra*.

**2.**     The Policy constitutes an adhesion contract, meaning it must be strictly construed against Argonaut and in favor of Marina Del Ray.

**3.**     Argonaut's investigation of the underlying claim was inadequate and unreasonable, in whole or in part.

**4.**     Argonaut's investigation of the underlying claim was pretextual, making it illegitimate, and designed to achieve an outcome contrary to the language of the Policy.

**5.**     Argonaut's investigation of the underlying claim was pretextual, making it illegitimate, and designed to achieve an outcome contrary to the reasonable expectations of Marina Del Ray, its insured.

**6.**     Documentary evidence that is extrinsic to the Policy must be excluded pursuant to the parol evidence rule.

**7.**     Testimonial evidence that is extrinsic to the Policy must be excluded pursuant to the parol evidence rule.

**8.**     Argonaut should be estopped from relying on and/or using evidence – and, by extension, introducing the same at trial – that the insurer failed to obtain before issuing its payment decision on the underlying claim.

**9.**     Waiver.

**10.**     Laches.

**11.**     Argonaut's claim for declaratory relief is barred by the statute of limitations.

**12.**     Argonaut's claim for declaratory relief, which is equitable in nature, should be barred by the doctrine of unclean hands.

13.    Argonaut's interpretation of the Policy is contrary to its plain terms and conditions.

14.    Argonaut's claim for mutual mistake fails because Marina Del Ray's associated conduct was not inequitable, in whole or in part.

15.    Argonaut cannot prove each element of its claim for mutual mistake by clear and convincing evidence, as required.

16.    Reformation, an equitable remedy, is unavailable to Argonaut because Argonaut does not come to the Court with clean hands.

17.    Marina Del Ray submitted notice of its loss to Argonaut in a manner and form acceptable under Oklahoma law.

18.    Marina Del Ray is entitled to statutory interest and attorney's fees pursuant to 36 O.S. § 3629.

19.    Marina Del Ray did not make a material misrepresentation to Argonaut.

20.    Even if Marina Del Ray made a misrepresentation to Argonaut, which it did not, the same was immaterial, negating Argonaut's associated claim.

21.    Even if Marina Del Ray made a misrepresentation to Argonaut, which it did not, it was unreasonable for Argonaut to rely upon the same.

22.    Rescission, an equitable remedy, is unavailable to Argonaut because Argonaut does not come to the Court with clean hands.

23.    It would be inequitable for the Court to rescind the Policy, as requested by Argonaut, because Marina Del Ray paid premiums to Argonaut as consideration for the same.

24.    Argonaut wrote coverage for Marina Del Ray in the absence of adequate underwriting, estopping Argonaut from invoking the Policy exclusions relied upon in the Crossclaims.

25.     The Policy exclusions forming the basis for certain of Argonaut's Crossclaims are unenforceable under Oklahoma law.

26.     The Policy exclusions forming the basis for certain of Argonaut's Crossclaims have been misapplied based on applicable Oklahoma law.

27.     Marina Del Ray reserves the right to amend its Answer and Affirmative Defenses, as warranted by the evidence and permitted by the Court.

WHEREFORE, having fully answered Argonaut's Crossclaim for Declaratory Judgement, Marina Del Rey respectfully requests judgment in its favor and against Argonaut, and for any and all just and equitable relief as this Court deems appropriate.

## MARINA DEL REY'S COUNTERCLAIM AGAINST ARGONAUT

Marina Del Rey hereby asserts the following Counterclaim against Argonaut, and in support of the same, would show this Honorable Court as follows:

1.      Marina Del Rey brings the present Counterclaim against Argonaut (the "Counterclaim") based upon a first party insurance dispute regarding extensive wind damage to a two-hundred slip commercial marina located on Lake Texoma at 7007 Marine Drive in Kingston, Oklahoma.  *See* attached Exhibit 1, reflecting the configuration of the marina, including docks, slips, wharves and piers.

2.      Specifically, Argonaut issued Policy No. 726OM5504-00 (the "Policy") to Marina Del Rey in order to provide insurance coverage for, among other perils, windstorm damage to the extensive piers, wharves, docks and connected slips surrounding the lake itself.   The Policy term extended from October 24, 2023, through October 24, 2024.  *See* attached Exhibit 2, a true and correct copy of the one hundred nineteen (119) page Policy.

3.      On or about May 16, 2024, the subject property sustained damage (the "Loss") from a weather-related event, namely a severe windstorm. A timely claim was made by Marina Del Rey to Argonaut, which assigned Claim No. MUA-0002510 (the "Claim") to the Loss.

4.      To date, Argonaut has grossly underestimated the amount of structural damage suffered at the Loss and resultantly underpaid the Claim. Moreover, it has attempted through its Crossclaim to improperly diminish the limits of coverage available under the Policy by asking this Honorable Court to negate the legal effect of the specific coverage terms purchased by Marina Del Rey, making this Counterclaim necessary.

## FACTS

5.      The factual underpinnings of the present matter are largely undisputed. Marina Del Rey is a freshwater marina dotting the exterior of Lake Texoma. It consists of seventeen (17) docks of varying lengths, sizes and ages. In sum, the docks accommodate approximately two hundred (200) adjacent slips, all of which are comprised of steel and aluminum fabrication and provide covered protection for the vessels renting space monthly. Completing the property are additional wharves and piers servicing its consumer base with restaurants and gas stations.

6.      The subject marina was purchased in 2016, and re-branded as Marina Del Ray. After a significant investment in improvements and remedial measures, the subject marina was able to maintain a consistent customer base, both in Oklahoma and nationally.

7.      In late 2023, Marina Del Rey purchased the Policy from Argonaut to provide wharf and pier coverage for, *inter alia*, structural losses stemming from wind, flood, wave action and collision resulting from wind, flood, or wave action. *See* Ex. B at 17 (of 119). The Policy covered all referenced docks, slips, wharves and piers, as well as their attached structures. *See id.*

24

8.      Per the binder supplied by Argonaut to Marina Del Rey, coverage went into effect for a one-year period, beginning on October 24, 2023.  All requisite premiums were paid by the policyholder, and coverage was neither cancelled nor suspended during the twelve (12) month proscription period defined by the Policy itself.  *See* Ex. B at 1.

9.      The PIERS AND WHARVES DECLARATIONS set forth the locations, specified structures and respective limits as to all elements of the marina itself, as follows:

**PIERS AND WHARVES – DECLARATIONS**

| INSURED AND MAILING ADDRESS<br>Marina Del Rey, LLC<br>7007 Marina Drive<br>Kingston, OK 73439 | POLICY NUMBER<br>726OM5504-00 |
|---|---|

LOCATION(S):  Underwriters shall be liable in respect to covered property only at the following location(s):

| 1. | 7007 Marina Drive, Kingston, OK 73439 |
|---|---|

**DESCRIPTION/LIMITS OF INSURANCE**

| Location Number | Description | Limits of Insurance |
|---|---|---|
| Location 1 | 1985, Steel, Floating, Covered, 25 Slips | $375,000 |
| Location 1 | 1981, Steel, Floating, Covered, 7 Slips | $ 75,000 |
| Location 1 | 1981, Steel, Floating, Covered, 6 Slips | $ 75,000 |
| Location 1 | 1981, Steel, Floating, covered, 10 Slips | $ 75,000 |
| Location 1 | 1981, Steel, Floating, covered, 7 Slips | $ 75,000 |
| Location 1 | 1981, Steel, Floating, Covered | $ 75,000 |
| Location 1 | 2012, Steel, Floating, Covered, 13 Slips | $400,000 |
| Location 1 | 2010, Steel, Floating, Covered, 10 Slips | $350,000 |
| Location 1 | 2011, Steel, Floating, Covered, 16 Slips | $350,000 |
| Location 1 | 2011, Steel, Floating, Covered, 11 Slips | $200,000 |
| Location 1 | 2016, Steel, Floating, Covered, 4 Slips | $100,000 |
| Location 1 | 2016, Steel, Floating, Covered, | $175,000 |
| Location 1 | 2016, Steel, Floating, Covered, | $420,000 |
| Location 1 | 2017, Steel, Floating, Covered, 28 Slips | $675,000 |
| Location 1 | 2017, Steel, Floating, Covered, 16 Slips | $650,000 |
| Location 1 | 2018, Steel, Floating, Covered, 6 Slips | $ 75,000 |
| Location 1 | Contents | $ 50,000 |
| Location 1 | BII | $720,000 |

| DEADUCTIBLE: | VALUATION/COINSURANCE: |
|---|---|
| $50,000 except<br>$300,000 wind, flood, wave action.<br>collision from wind, flood, and wave action<br>BII:  14 days | RCV / 90% 15 years and newer<br>ACV / 80% all others |

*See* Ex. B at 17.  The Declarations provide the coverage amounts on a dock-by-dock basis, reflect the perils insured against and the applicable deductible based upon the same.  *See id.*

10.      The Policy further contains a PIERS AND WHARVES COVERAGE form (MUA 6013 0221) stating in relevant part via Clauses 1, 2 and 3, as follows:

25

**PIERS AND WHARVES COVERAGE**

In consideration of an additional premium **shown on the Piers and Wharves Coverage Declarations page**, it is understood and agreed, scheduled piers and wharves (including contents if shown) at the following location are covered as per the limits of insurance, terms, conditions, and exclusions contained herein:

LOCATION                                    LIMITS OF INSURANCE
See Declarations Page                       See Declarations Page

1.  This insurance to cover physical loss or damage directly caused by fire, lightning, explosion, windstorm, hail, flood, wave action, frost, theft, weight of ice and/or snow, collision with ship, vessel or floating object and contact with aircraft or object dropped therefrom.

2.  All claims shall be subject to a deductible as shown in the Declarations each accident or occurrence, except claims arising out of windstorm, flood, weight of ice and/or snow, or wave-action occurring during any one period of 72 hours shall be deemed to be one occurrence and shall be subject to a deductible shown in the Declarations. The amount of the deductible shall be subtracted from the total limit of insurance shown on the Declarations for each accident or occurrence.

3.  The Insurer shall not be liable beyond the actual cash value of the property at the time any loss or damage occurs and the loss or damage shall be ascertained or estimated according to such actual cash value with proper deduction for depreciation, however caused, and shall in no event exceed what it would then cost to repair or replace the same with material of like kind and quality.

Ex. B at 64. Clause 3 is one focal point of Argonaut's argument in attempting to limit the amount of coverage purchased by Marina Del Rey to Actual Case Value ("ACV"), which is calculated by reducing the full cost of property replacement through a deduction for depreciation.

11. However, the Policy contained Form No. MUA 6018 1109, critically providing as follows:

**REPLACEMENT COST - PIERS AND WHARVES**

This endorsement modifies insurance provided under the following:

**PIERS AND WHARVES COVERAGE**

It is understood and agreed that Clause 3 of the Piers and Wharves Coverage is deleted in its entirety and replaced with the following:

The Company shall not be liable beyond the cost to repair or replace the property with the same material of like kind and quality without deduction for depreciation.

*See* Ex. B at 116. This form conspicuously alters the coverage for the above cited Clause 3, converting the same into Replacement Cost Value ("RCV") for all listed elements on the Policy's Declaration Page. Most notably, it confirms coverage for repair or replacement "without deduction for depreciation." *See id.* This language, both drafted and incorporated into the Policy by Argonaut, specifically negates the above-referenced damage limitation sought by Argonaut.

12.    On or about May 16, 2024, Marina Del Ray's entire property was struck by a severe windstorm (the "Storm"). The steel and aluminum docks were left either disfigured or completely submerged in the water below. Many of their respective roofing elements were stripped and blown either into Lake Texoma or across the Property itself. Those remaining were cracked, cratered and completely dislodged from their respective docks. Finally, electronic components servicing individual slips were either partially or fully submerged, rendering them useless and creating a severe safety hazard for the public.

13.    After the Claim was made by Marina Del Rey in a timely fashion, an investigation was undertaken by Argonaut into the severity and extent of the loss. Although insufficient in amount, over a million dollars in damage was confirmed and coverage was extended. Ultimately, after applying Marina Del Rey's $300,000 deductible, Argonaut issued payments totaling $1,158,685.00.

14.    However, not only did such payments fail to reflect the amount of damage at the subject marina, but it was accompanied by Argonaut's position that RCV did not apply to the older docks, which were constructed between 1981 and 1985. Rather, Argonaut disregarded the above cited Policy Form No. MUA 6018 1109 and applied the ACV damage calculation to the older marina docks, as provided by a separate form that was never provided with or incorporated into the Policy. To date, Argonaut maintains that position and refuses to provide coverage in keeping with its own drafted Policy terms.

15.    At present, Marina Del Rey has suffered structural losses with a combined RCV value of $15,295,386.49, along with Business Income Loss and related additional expenses of $720,000.00 and Debris Removal costs totaling $67,000.00. All told, Marina Del Rey's losses

under the Policy total $16,082,386.49. After reducing the same for its $300,000.00 deductible and the prior payments of $1,158,685.00, the overdue Policy payment totals $14,623,701.49.

16.    Despite Marina Del Rey's cooperation throughout every step of the Claim, and in disregard of its own Policy language allowing full RCV coverage, Argonaut continues to refuse to properly and timely resolve the Claim and instead filed its Crossclaim against Marina Del Rey.

## COUNT I - BREACH OF CONTRACT

17.    Marina Del Rey incorporates Paragraphs 1-16 by reference, as if fully restated within Count I.

18.    Marina Del Rey purchased the Policy from Argonaut, which was in effect at the time of the Loss.

19.    Argonaut, in exchange for valuable consideration, agreed to insure the Property under the Policy.

20.    The Policy insured the Property from the covered weather-related damage, logically including that by wind.

21.    Marina Del Rey performed its contractual obligations by making policy premium payments and timely reporting of covered losses upon discovery of same. All Policy conditions were complied with by Marina Del Rey throughout the Claim process.

22.    In contrast, Argonaut materially breached the contract by failing to provide adequate coverage following the underlying claim filed by Marina Del Rey. Moreover, despite filing a claim which notified Argonaut of this loss, Marina Del Rey is yet to receive full compensation for the damage covered, as required by the Policy it purchased. Argonaut has failed to timely investigate, evaluate, and make proper payments to Plaintiff regarding the two weather events.

23.    Argonaut's unreasonable refusal to pay for the full value of the damage to the Property constitutes a breach of contract.

24.    Due to Argonaut's breach of the Policy, Marina Del Rey sustained damages by way of unpaid insurance proceeds and benefits, has been forced to retain counsel, and further has been damaged by a sum to be determined at trial and final judgment.

25.    Argonaut is well aware of Marina Del Rey's damages which include, without limitation, actual damages, interest, and consequential damages, attorney fees, costs, resulting damages from required remediation, and other foreseeable expenses resulting from Argonaut's breach of contract.  Accordingly, Marina Del Rey is entitled to judgment against Argonaut for the damages sustained while covered by such contract in an amount of at least $15,000,000.00.

## COUNT II – BAD FAITH

26.    Marina Del Rey incorporates Paragraphs 1-25 by reference, as if fully restated within Count II.

27.    Argonaut owed a duty to deal fairly and in good faith with Marina Del Rey in the handling of the Claim.

28.    Argonaut breached its duty to deal fairly and in good faith with Marina Del Rey by putting its own interests ahead of its policyholder in an effort to demoralize and overwhelm Marina Del Rey.  Argonaut further treated Marina Del Rey extremely poorly  and improperly in the hopes that it would merely accept Argonaut's behavior, its improper investigation and handling of his claims, and accept its low-ball, deceptive, and delayed payment of insurance proceeds.

29.    Argonaut encourages this type of claims handling behavior by disregarding and overlooking the duty of good faith and fair dealing owed to its insureds in favor of its own profitability.

30.    Marina Del Rey seeks recoupment of interest as well as its attorney fees in an amount to be determined by a jury.

31.    Argonaut has acted intentionally, maliciously, or in reckless disregard for the rights of Marina Del Rey.  As such, Marina Del Rey is entitled to recover punitive damages from Defendant in an amount in excess of an additional $12,000,000.00.

WHEREFORE, Plaintiff Marina Del Rey prays for judgment against the Argonaut for actual and punitive damages, all in excess of $25,000,000.00, and any additional relief this Honorable Court deems proper and just.

## JURY DEMAND

Marina Del Rey respectfully requests a jury trial upon all issues of fact herein.

## CONCLUSION

WHEREFORE, Marina Del Rey prays this Honorable Court DENY Argonaut's Request for Declaratory Judgment and instead enter judgment in favor of Marina Del Rey on Counts I and II, that the Court award actual damages, consequential damages including without limitation the loss of future business income from related commercial entities, pre-judgment interest, additional statutory damages, post-judgment interest, penalty damages, reasonable and necessary attorney fees, collectible court costs, and for all such other further relief, whether pled or unpled within this Counterclaim, to which Marina Del Rey may be justly entitled.

Respectfully submitted by:


*s/Matthew K. Felty*_____
Matthew K. Felty, OBA #31057
Joshua K. Hefner, OBA # 30870
**RYAN WHALEY, PLLC**
400 North Walnut Avenue
Oklahoma City, OK 73104
(405) 239-6040 (Telephone)
(405) 239-6766 (Facsimile)
mfelty@ryanwhaley.com
jhefner@ryanwhaley.com

*-and-*

Benjamin P. Barmore,
EDOK Federal Bar #24073076TX
**HUNZIKER & BARMORE, PLLC**
The Lyric Tower
440 Louisiana St., Suite 1825
Houston, TX 77002
Telephone: 281.817.6000
Facsimile: 281.816.9025
Benjamin@HunzBarLaw.com

**COUNSEL FOR MARINA DEL REY, LLC**


**JURY TRIAL DEMANDED**

**ATTORNEYS' LIEN CLAIMED**


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 22nd day of May, 2025, a true and correct copy of the forgoing document was filed using the Court's electronic filing and notification system (ECF) to all known parties of record.


*/s/Matthew K. Felty*___
Matthew K. Felty