# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) HULL'S ENVIRONMENTAL SERVICES, INC.<br><br>　　　　Plaintiff(s),<br><br>vs.<br><br>(1) MARINA DEL REY, LLC, et al.<br><br>　　　　Defendant(s). | )<br>)<br>)<br>)<br>)<br>) Case No. CIV-24-479-JAR<br>)<br>)<br>)<br>) |

### JOINT STATUS REPORT

JURY DEMANDED:  __X*__  Yes  _____  No
 *The United States objects to a jury trial for any claims asserted against it.

Pursuant to Federal Rules of Civil Procedure 26(f) a meeting was held on  June 12, 2025  at  9:00 a.m.

 Plaintiff(s) appearing by counsel:

　Mike Mordy, Carrie Pfrehm

Defendant(s) appearing by counsel:
　Marina Del Rey, Inc. & Garrett Johnson: Emily Williams, Michael Linscott;
　Secretary of Army: Alexander Sisemore;
　SMS Financial: Austin Evans;
　Argonaut Insurance: Michael Goldman

I.　　All parties consent to trial before Magistrate Judge?　　__X__ Yes  _____ No

> *If you mark "yes", you will be deemed to have consented to the jurisdiction of the assigned United States Magistrate Judge without the necessity for the filing or submission of any other documentation. The United States Magistrate Judge will exercise complete jurisdiction over this case through and including trial and the entry of a final judgment in accordance with 28 U.S.C. § 636(c)(1) and Fed. R. Civ. P. 73(a).*
>
> *If you mark "no", the case will immediately be reassigned to a United States District Judge.*

II.　　Summary of Claims:

　　1.　Breach of contract claim by Plaintiff against Defendant, Marina Del Rey, LLC. Marina Del Rey, LLC, contracted with Plaintiff to provide emergency labor, materials, services and equipment to its boat marina at Lake Texhoma, in Marshall County, Oklahoma, immediately after suffering wind and tornado damage to its marina facility. Plaintiff and

       Marina Del Rey, LLC, entered into an Emergency Services Agreement dated May 24, 2024. Plaintiff invoiced Marina Del Rey, LLC, and Marina Del Rey, LLC failed to satisfy the invoices, pursuant to which Plaintiff filed a Mechanic's and Materialmen's Lien, for which Plaintiff seeks judgment in the sum of $979,632.88.

2. Fraud, diversion and misappropriation of funds by Defendant Garrett Johnson, principal of Marina Del Rey, LLC, which were payments by Marina Del Rey, LLC's insurer, Argonaut Insurance Company, to Marina Del Rey, LLC, intended for payment of Plaintiff's invoices and were paid pursuant to Plaintiff's invoices for services, covered by insurance coverage issued by Argonaut Insurance Company, for which Plaintiff seeks judgment against Defendant Garrett Johnson for such monies fraudulently diverted and misappropriated.

3. Plaintiff seeks foreclosure of its Mechanic's and Materialmen's Lien against the leasehold estate of Plaintiff, which now may be owned by SMS Financial Strategic Investments V, LLC, the County Treasurer of Marshall County, State of Oklahoma, and the Board of County Commissioners of Marshall County, State of Oklahoma.

4. Plaintiff seeks a declaratory judgment that all insurance proceeds due and owing from Argonaut Insurance Company, attributable to the services provided by Plaintiff for remediation and loss mitigation, be paid to the Plaintiff, pursuant to the doctrine of unjust enrichment and as a lien claimant.

III.    Summary of Defenses:
    A.    Argonaut's Defenses to Insurance Claims by Marina Del Rey
- Argonaut is seeking reformation of the disputed policy of insurance, Policy No. 726OM5504-00 (hereinafter "the Policy"), based on a "mutual mistake" during the process of contract formation.
- Argonaut is seeking enforcement of the first-party coverage limits stated on the Policy's declarations page.
- Argonaut is seeking to compel Marina Del Rey to submit proof of the amount of the claimed loss.
- Argonaut is seeking recission of the Policy based on Marina Del Rey's misrepresentation of material facts pertaining to the risk insured.
- Argonaut is seeking a declaration enforcing the Policy's express limitations on the nature and amount of third-party liability coverage afforded.

    B.    SMS Financial Strategic Investments V, LLC asserts that its interest in the subject property is prior and superior to plaintiff's interest.

    C.    United States of America: Without waiving its right to assert any defenses in its Answer, to the extent one will be required, the United States asserts a general denial and further incorporates the defenses raised in its Motion to Dismiss briefing [Dkt. Nos. 9, 22], including, but not limited to;
- Plaintiff fails to state a claim against the United States
- No subject matter jurisdiction exists for the alleged claims against the United States
- Venue, if any, is not proper for the claims against the United States
- No valid lien exists upon any property owned by the United States

- The United States has not waived its sovereign immunity for any claim asserted by Plaintiff against the United States.

D. Marina Del Rey/Garrett Johnson: Marina Del Rey and Garrett Johnson deny the claims asserted by Plaintiff, and specifically state that any and all outstanding amounts due and owed, if any to Plaintiff, should be paid by Argonaut pursuant to the property damage insurance policy, which was in existence and applicable at the time the Emergency Service Agreement was entered.

IV. Motions Pending: *Please include Docket Number, Title of Pleading, and date filed.*

Docket No. 9. United States of America's Motion to Dismiss filed 12/18/2024

V. Are Dispositive Motions Anticipated? *If so, describe them.*

Plaintiff will file a Motion for Summary Judgment.

Defendant Argonaut Insurance Company anticipates filing a motion for summary judgment relating to its coverage defenses against the claims asserted by Defendant Marine Del Rey.

Defendant United States of America anticipates filing a Motion for Summary Judgment if its pending Motion to Dismiss is denied.

Garrett Johnson and Marina Del Rey anticipate filing a Motion for Summary Judgment at the close of discovery.

Defendant/Counterclaim Plaintiff Marina Del Rey anticipates filing a motion for summary judgment on its Counterclaim, Doc. No. 46.

VI. Stipulations:

A. Jurisdiction Admitted:           Yes    X   No
Explain: Defendant United States of America does not dispute personal jurisdiction, but does dispute the existence of subject-matter jurisdiction over any purported claims against the United States

B. Venue Appropriate:           Yes    X   No
Explain: To the extent Plaintiff's alleged claims against Defendant United States sound in contract and are viable, such are subject to the Tucker Act; therefore, subject matter jurisdiction and venue, if any, lies solely with the Court of Federal Claims

C. Facts:
1. Marina Del Rey, LLC hired Plaintiff and Plaintiff provided labor, services, materials and/or equipment to Marina Del Rey, LLC's marina located at and upon the subject property which was damaged by winds and tornados. These were provided pursuant to an Emergency Services Agreement dated 5/24/2024 entered into between Plaintiff and Marina Del Rey, LLC. The subject property is described as follows:

**W/2 E/2; W/2 E/2 E/2; E/2 SE/4 SE/4; E/2 E/2 SW/4; W/2 SE/4 SW/4; S/2 SW/4 NE/4 SW/4; SE/4 SE/4 NW/4 SW/4; E/2 SE/4 NW/4; NE/4 NW/4 SE/4 NW/4; SE/4 SW/4 NE/4 NW/4; SW/4 SE/4 NE/4 NW/4; E/2 NE/4 NE/4 NW/4 less 12.87 acres for Arrowhead Boat Club, and 18.50 acres for Sooner Boat Club, Section 21, Township 7 South, Range 6 East, Marshall County, State of Oklahoma.**

2.  <u>Midwest Dozer d/b/a Midwest Dozer, LLC has been dismissed.</u>

D.   Law: <u>1. A breach of contract suit requires three elements be proven: formation of a contract; a breach of the contract; and actual damages suffered from that breach. Digital Design Group, Inc. v. Information Builders, Inc., 2001 OK 21, ¶ 33, 24 P.3d 834, 843.</u>

*Please provide appropriate stipulations of fact and law. "None at this time" is not an appropriate response.*

VII.   **Fed. R. Civ. P. 26 Discovery Plan**: The parties jointly propose to the Court the following discovery plan: (Use separate paragraphs or subparagraphs as necessary if parties disagree.)

Have initial disclosures under Rule 26(a)(1) been exchanged ***AND FILED***?

_____ Yes    __X__ No

**If NO – the parties shall exchange and file their Rule 26(a)(1) disclosures within 10 days of the entry of this Joint Status Report.**

1. *Plaintiff(s) shall submit a calculation of every category of damages requested;*
2. *Defendant(s) shall provide Plaintiff(s) a certified copy of any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.* **A copy of the Declarations Sheet alone does not meet this requirement**; *and,*
3. *All parties shall exchange color copies of all exhibits and electronically stored information identified under 26(a)(1)(ii))iii) and/or (iv).*

Note that pursuant to Rule 26 and this Order, all parties are under an affirmative duty to (i) comply with the mandatory disclosure requirements, and (ii) notify the court of any nondisclosure so that the issue can be promptly resolved. Failure of any party to disclose information, or failure of any party to bring disclosure issues to the court's attention in a timely manner, may result in sanctions, including prohibiting the use of that information at trial, pursuant to Rule 37(c)(1).

If applicable, have disclosures pursuant to Fed. R. Civ. P. 7.1 been filed?

__X__ Yes    _____ No, Explain:

Should any changes be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the court's local rules?

_____ Yes    __X__ No, Explain:

*Last updated 03/26/24*

Discovery will be needed on the following subjects:  <u>Insurance coverage. Insurance proceeds misappropriated and diverted by Garrett Johnson. Scope and validity of liens.</u>

<u>Plaintiff will issue interrogatories to Marina Del Rey, LLC, Garrett Johnson, and Argonaut Insurance Company with the next sixty (60) days.</u>

<u>Plaintiff will depose representatives of Marina Del Rey, LLC, Argonaut Insurance Company, Garrett Johnson, and Bill Sharpe within the next ninety (90) days.</u>

Should discovery be limited at this time to any particular subject matters or issues?
_____ Yes   __X__ No

Explain: _____

Phased Discovery requested *(If requested, the in-person Joint Status Conference cannot be waived)*:   _____ Yes   _X_ No

Is there a need for any other special discovery management orders by the court?
_____ Yes   _____ No, Explain: _____

Proposed Discovery Deadline   <u>January 9, 2026.</u>

Estimated number of days required for trial   <u>1 - 2</u>   .

VIII. Settlement Plan        **(Check one)**

A. _X_ Settlement Conference Requested after   <u>September 1</u>   20_25_.

B. ____ Other ADR: (Explain)  _____

IX. Do the parties request that the Court hold a Scheduling Conference?
_____ Yes   _X_ No

*If the parties consent to the United States Magistrate Judge under Section VII and do not request a Scheduling Conference, the Court will issue a Scheduling Order based on the information contained in this Joint Status Report and no Scheduling Conference will be conducted, unless otherwise ordered by the Court.*

***If the parties do not consent to the United States Magistrate Judge and the case is referred back by the United States District Judge an in-person Scheduling Conference WILL BE HELD unless otherwise ordered by the Court.***

Read and Approved by:

**MORDY, MORDY, PFREHM & WILSON, P.C.**

**s/ Carrie Pfrehm**
**Mike Mordy, OBA No. 6372**
**Carrie Pfrehm, OBA No. 22274**
**110 West Main/Post Office Box 457**
**Ardmore, Oklahoma 73402**
**Telephone: (580) 223-4384**
**Facsimile: (580) 226-0823**
**E-mail:  mmordy@mordylaw.com**
             **c.pfrehm@mordylaw.com**
*Attorneys for Plaintiff, Hull's Environmental Services, Inc.*


**Doerner Saunders Daniel & Anderson, L.L.P.**

**s/ Emily Williams**
**Emily E. Williams, OBA #33456**
**210 Park Ave., Ste. 1200**
**Oklahoma City, OK 73102**
**Telephone: 405-319-3500**
**Facsimile: 405-319-3509**
**Email: ewilliams@dsda.com**

**Michael S. Linscott, OBA #17266**
**700 Williams Center Tower II**
**Two West Second Street**
**Tulsa, OK 74103-3522**
**Telephone: 918-591-5288**
**Facsimile: 918-925-5288**
**Email:  mlinscott@dsda.com**
*Attorneys for Defendants, Marina Del Rey, LLC and Garrett Johnson*

**Joshua K. Hefner**
**Matthew K. Felty**
**400 N. Walnut Ave.**
**Oklahoma City, OK 73104**
**Telephone: 405-239-6040**
**Facsimile: 405-239-6766**
**Email:  jhefner@ryanwhaley.com**
             **mfelty@ryanwhaley.com**
*Attorneys for Defendant, Marina Del Rey, LLC*

**CHRISTOPHER J. WILSON,**
**United States Attorney**


**s/Alexander Sisemore**
**Michael J. O'Malley, OBA #22252**
**Alexander J. Sisemore, OBA #31225**
**Assistant United States Attorneys**
**520 Denison Ave.**
**Muskogee, OK 74401**
**Telephone: 918-684-5176**
**Facsimile: 918-684-5130**
**Email:  Michael.O'Malley@usdoj.gov**
          **Alexander.Sisemore@usdoj.gov**
*Attorneys for United States of America/U.S. Army Corp of Engineers*


**Austin Evans Law, LLC**


 **s/Austin Evans**
**Austin C. Evans, OBA #32915**
**P. O. Box 1258**
**Kingfisher, OK 73750**
**Telephone: 405-375-5555**
**Email:  austin@austinevanslaw.com**
*Attorneys for Defendant, SMS Financial Strategic Investments V, LLC*


**Office of the District Attorney**


 **s/Patrick Madden**
**Patrick C. Madden, OBA #**
**District Attorney's Office (Ardmore)**
**107 1st Ave SW, Ste. A**
**Ardmore Carter County Annex #1**
**Ardmore, Oklahoma 73401**
**Email: Patrick.Madden@dac.state.ok.us**
*Attorney for Defendants, Marshall County Treasurer and*
*Board of County Commissioners of Marshall County, State of Oklahoma*

**Tollefson Bradley Mitchell & Melendi, LLP**


 s/Stephen A. Melendi
**Stephen A. Melendi, OBA #33698**
**2811 McKinney Ave., Ste. 250 West**
**Dallas, TX 75204**
**Telephone: 214-665-0100**
**Facsimile:  214-665-0199**
**Email: stephenm@tbmmlaw.com**

**Goldman Maritime Law Group**
**Michael Isaac Goldman**
**4 Bellows Road**
**P. O. Box 724**
**Westborough, MA 01581**
**Email: michael@goldmanmaritime.com**
*Attorneys for Defendant, Argonaut Insurance Company*