UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HULL'S ENVIRONMENTAL SERVICES, INC., )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA ex rel )<br>SECRETARY OF ARMY/U.S. ARMY CORPS OF )<br>ENGINEERS, et al., )<br>)<br>**Defendants/Cross-Plaintiffs.** ) | Case No. **6:24-cv-00479-JAR** |

**JOINT MOTION TO SEVER PART OF ARGONAUT INSURANCE COMPANY'S CROSSCLAIM FOR DECLARATORY JUDGMENT [DOC. NO. 11], MARINA DEL REY'S ANSWER TO CROSSCLAIM [DOC. NO. 44], AND MARINA DEL REY'S RELATED COUNTERCLAIM [DOC. NO. 46]**

COME NOW Defendant/Cross-Plaintiff Argonaut Insurance Company (hereinafter "Argonaut") and Defendant/Cross-Defendant Marina Del Rey, LLC (hereinafter "Marina Del Rey"), collectively the "Movants," by and through their attorneys of record, and file the following Joint Motion to Sever part of Defendant/Cross-Plaintiff Argonaut Insurance Company's Crossclaim for Declaratory Judgment (hereinafter "Crossclaim") [Doc. No. 11], Marina Del Rey's Answer to said Crossclaim [Doc. No. 44], as well as Marina Del Rey's mirror image Counterclaim against Argonaut (hereinafter "Counterclaim") [Doc. No. 46]. This motion seeks to sever Argonaut's First, Second, and Third causes of action filed against Marina Del Rey [Doc. No. 11, pp. 1-16] and Marina Del Rey's entire counterclaim against Argonaut [Doc. No. 44] from the rest of the action. This would leave Argonaut's Fourth, Fifth, Sixth, and Seventh causes of action. In support of the same, the Movants would respectfully show this Honorable Court as follows:

1

I.

Originally filed as *Case No. CJ-2024-86* in the District Court for Marshall County in the State of Oklahoma (hereinafter the "Third-Party Liability Claims"), the present litigation brought by Plaintiff Hull's Environmental Services, Inc. (hereinafter "Hull") stems from a severe May 16, 2024, windstorm (hereinafter the "Storm"). The Storm directly impacted the Marina Del Rey property, comprised of a system of docks, piers and slips that occupy the shoreline of Lake Texoma in Kingston, Oklahoma. Specifically, Hull alleges that it contracted with the marina on May 24, 2024, to provide first responder emergency services in the aftermath of the Storm. Ultimately, Hull asserts third-party causes of action against a catalog of defendants, alleging, *inter alia*, failing to pay outstanding invoices for services performed, as well as a litany of embedded lien issues that are substantively separate and distinct from the insurance dispute between the Movants seeking severance.

II.

On December 20, 2024, Argonaut filed its Crossclaim for Declaratory Judgement against Marina Del Rey, seeking the Court's determination as to certain insurance related issues involving the nature of the coverage it sold to the marina. [Doc. 11]. Argonaut's Crossclaim concerned both first-party coverage for Marina Del Rey's own docks (hereinafter "First-Party Coverage") and third-party coverage for Marina Del Rey's potential liability to claimants such as Hull's (hereinafter "Third-Party Liability Coverage"). Marina Del Rey thereafter answered [Doc. 44] and filed its own Counterclaim against Argonaut [Doc. 46], claiming outstanding policy proceeds owed for the structural and economic damages suffered from the Storm. Marina Del Rey's counterclaim perfectly mirrors Argonaut's contentions pertaining to the First-Party Coverage dispute. This represents the entirety, both as to claims and as to parties, of the First-Party Coverage

6:24-cv-00479-JAR    Document 53    Filed in ED/OK on 06/20/25    Page 3 of 7

dispute that has become entangled within the Third-Party Liability Claims and the Third-Party Liability Coverage dispute. Because of this, both Argonaut and Marina Del Rey submit this joint motion seeking severance of the First-Party Coverage dispute into a separate matter that can proceed as a conventional dispute over first-party insurance proceeds for the docks owned by Marina Del Rey, unencumbered by the extraneous issues permeating Hull's original suit and the related third-party liability coverage issues.

### III.

Procedurally, Rule 42(b) of the Federal Rules of Civil Procedure sets forth specific considerations in regard to severing parties and claims from an ongoing lawsuit. To this end, Rule 42(b) states:

> (b) Separate Trials. For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

Whether to separate trials pursuant to Rule 42(b) is discretionary, *Beights v. W. R. Grace & Co., Inc.*, 67 F.R.D. 81, 85 (W.D. Okla. 1975). That said, the Northern District of Oklahoma recently weighed the following factors when considering separation:

> (1) whether the issues are separable;
>
> (2) the convenience and economic benefit of bifurcation; and
>
> (3) whether bifurcation would serve the interest of fairness.

*McKinney v. Wulfeck*, 21-CV-00205-JFH-JFJ, 2023 WL 2947546, at *2 (N.D. Okla. Apr. 14, 2023). While each factor "is significant to the Court's analysis," the third factor – fairness – "should be afforded particular attention, as it is an abuse of discretion to order bifurcation when doing so would result in prejudice to any party." *Id.* In the present matter, as demonstrated below, each factor weighs in favor of severance.

IV.

The issues surrounding the First-Party Coverage dispute are not only separable, but inherently separate and distinct from the Third-Party Liability Claims originally filed by Hull. As opposed to the debt for emergency services provided, which underpins the latter, the fight over first-party insurance coverage for the Marina Del Rey's docks is completely isolated from the remaining cast of defendants sued by Hull. Moreover, the First-Party Coverage dispute relates to the interpretation of a policy of insurance, the intent of a policyholder and its insurance company in binding coverage on the subject marina, the extent of damages owed under the resulting insurance claim, and whether Argonaut's claims handling and corresponding policy interpretation violated the duty of good faith and fair dealing owed to its insured, Marina Del Rey . As such, the Movants do not anticipate overlap between the severed actions, as to either fact or expert witness discovery, let alone the underwriting and claims documentation unique to a first-party insurance coverage dispute. Accordingly, this first factor weighs decisively in favor of severance.

V.

Identically, all considerations of convenience and economic benefit to the parties also weigh in favor of severance. Building upon the reasons articulated above, it is senseless to force Argonaut and Marina Del Rey to participate in costly third-party discovery exercises inherent to a matter that has no relationship to the insurance dispute at issue in the First-Party Coverage dispute. Moreover, due to issues surrounding defaulting parties, procedural pitfalls and a morass of related legal issues, the Third-Party Liability dispute could literally endure for years, especially without unanimous consent to proceed before a Magistrate Judge – which ironically is precluded simply due to the existence of aforementioned defaulting parties. Contrarily, Argonaut and Marina Del Rey can readily consent to proceeding before the Magistrate Judge, and then narrowly tailor the

First-Party Coverage dispute both procedurally and substantively, thereby preserving the economic benefits and overall convenience that weights categorically in favor of severance, including convenience to this Court.

## VI.

Finally, as the above authority confirms, the Court places a premium on the factor of fairness. In doing so, it seeks to eliminate any prejudice that could result to a given party through severance of a particular party or set of claims. However, for all reasons articulated above, there will be no prejudice to any party by severing the First-Party Coverage dispute from the Third-Party Liability Claims and the Third-Party Liability Coverage dispute. In fact, this Court is well aware that, in the context of a third-party liability trial, concepts of insurance are not to be presented at all, as doing so could unduly inject prejudice into the proceeding. *See* FED. R. EVID. 411. Accordingly, without severance, the First-Party Coverage dispute must be held hostage to the other parts of this matter. Finally, because Argonaut and Marina Del Rey fully agree to both the filing of this motion and the relief requested herein, there is logically no harm or prejudice that could result from the Court granting the same. This last and most impactful factor therefore weighs in favor of severance.

## VII.

None of the non-movants who are represented by counsel in this matter oppose either the filing of this motion or the relief requested herein by the Movants.

## **PRAYER**

**WHEREFORE**, above premises considered and pursuant to Rule 42(b), both Argonaut and Marina Del Rey ask this Honorable Court to sever out its first party dispute from the present

5

cause and claims in the manner specified above, so that it may proceed accordingly on its own merits, and for all such other further relief to which said parties may be justly entitled.

        Respectfully submitted by:

        */s/Matthew K. Felty (w/permission)*
        Matthew K. Felty, OBA #31057
        Joshua K. Hefner, OBA # 30870
        **RYAN WHALEY, PLLC**
        400 North Walnut Avenue
        Oklahoma City, OK 73104
        (405) 239-6040 (Telephone)
        (405) 239-6766 (Facsimile)
        mfelty@ryanwhaley.com
        jhefner@ryanwhaley.com

        -and-

        */s/ Benjamin P. Barmore (w/permission)*
        Benjamin P. Barmore, EDOK #24073076
        **HUNZIKER & BARMORE, PLLC**
        The Lyric Tower
        440 Louisiana St., Suite 1825
        Houston, TX 77002
        (281) 817-6000 (Telephone)
        (281) 816-9025 (Facsimile)
        Benjamin@HunzBarLaw.com

        **COUNSEL FOR MARINA DEL REY**

        -and-

        */s/ Stephen A. Melendi*
        Stephen A. Melendi
        Oklahoma Bar No. 33698
        stephenm@tbmmlaw.com
        Tollefson Bradley Mitchell & Melendi, LLP
        2811 McKinney Avenue, Suite 250 West
        Dallas, Texas 75204
        Telephone:   214-665-0100
        Facsimile:    214-665-0199
        **ATTORNEY FOR DEFENDANT,**
        **ARGONAUT INSURANCE COMPANY**

## **CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that on the 20th day of June, 2025, a true and correct copy of the forgoing document was filed using the Court's electronic filing and notification system (ECF) to all know parties of record.

                                                    */s/Stephen A. Melendi*
                                                   Stephen A. Melendi