UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HULL'S ENVIRONMENTAL SERVICES, INC., | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No.   6:24-cv-00479-JAR ) |
| UNITED STATES OF AMERICA ex rel SECRETARY OF ARMY/U.S. ARMY CORPS OF ENGINEERS; et al. | ) ) ) ) ) |
| Defendants. | ) |

**ARGONAUT INSURANCE COMPANY ANSWER AND AFFIRMATIVE DEFENSES TO THE COUNTERCLAIM OF MARINA DEL REY, LLC**

COMES NOW Defendant ARGONAUT INSURANCE COMPANY, by and through its undersigned attorneys of record, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Eastern District of Oklahoma, and files the following Answer to Defendant MARINA DEL REY, LLC's Counterclaim. ECF no. 44. Further thereto, ARGONAUT INSURANCE COMPANY respectfully states as follows:

1. ARGONAUT INSURANCE COMPANY (hereinafter "ARGONAUT") admits that the counterclaim filed by MARINA DEL REY, LLC (hereinafter "MDR") is based on a first-party insurance coverage dispute regarding alleged wind damage to a commercial marina located on Lake Texoma in Oklahoma. All other facts alleged in Paragraph 1 of MDR's Counterclaim are denied. Furthermore, Paragraph 1 of MDR's Counterclaim contains legal assertions to which no response pleading is required.

2. ARGONAUT admits that it issued Policy No. 726OM5504-00 (hereinafter "the Policy") to MRD. The Policy (ECF no. 44-2) speaks for itself. All other facts alleged in Paragraph

1

2 of MDR's Counterclaim are denied. Furthermore, Paragraph 2 of MDR's Counterclaim contains legal assertions to which no response pleading is required.

3. ARGONAUT admits that MDR alleges that the subject property sustained damage from a windstorm. All other facts alleged in Paragraph 3 of MDR's Counterclaim are denied. Furthermore, Paragraph 3 of MDR's Counterclaim contains legal assertions to which no response pleading is required.

4. Paragraph 4 of MDR's Counterclaim contains legal assertions to which no response pleading is required. To the extent that Paragraph 4 of MDR's Counterclaim purports to allege facts, those facts are denied and MDR is put to strict proof thereof.

5. ARGONAUT lacks sufficient information to admit or deny the factual averments of Paragraph 5 of MDR's Counterclaim. Therefore, ARGONAUT denies same and puts MDR to strict proof thereof.

6. ARGONAUT lacks sufficient information to admit or deny the factual averments of Paragraph 6 of MDR's Counterclaim. Therefore, ARGONAUT denies same and puts MDR to strict proof thereof.

7. ARGONAUT admits that MDR purchased the Policy. ARGONAUT lacks sufficient information to admit or deny the remaining factual averments of Paragraph 7 of MDR's Counterclaim. Therefore, ARGONAUT denies same and puts MDR to strict proof thereof.

8. ARGONAUT admits that the referenced documents speak for themselves. ARGONAUT lacks sufficient information to admit or deny the factual averments of Paragraph 8 of MDR's Counterclaim. Therefore, ARGONAUT denies same and puts MDR to strict proof thereof.

9. ARGONAUT admits that the referenced documents speak for themselves. ARGONAUT lacks sufficient information to admit or deny the factual averments of Paragraph 9 of MDR's Counterclaim. Therefore, ARGONAUT denies same and puts MDR to strict proof thereof.

10. ARGONAUT admits that the referenced documents speak for themselves. Paragraph 10 of MDR's Counterclaim contains legal assertions to which no response pleading is required. ARGONAUT lacks sufficient information to admit or deny the factual averments of Paragraph 10 of MDR's Counterclaim. Therefore, ARGONAUT denies same and puts MDR to strict proof thereof.

11. ARGONAUT admits that the referenced documents speak for themselves. Paragraph 11 of MDR's Counterclaim contains legal assertions to which no response pleading is required. ARGONAUT lacks sufficient information to admit or deny the factual averments of Paragraph 11 of MDR's Counterclaim. Therefore, ARGONAUT denies same and puts MDR to strict proof thereof.

12. ARGONAUT admits that MDR alleges that it's property was struck by a windstorm. ARGONAUT lacks sufficient information to admit or deny the remaining factual averments of Paragraph 12 of MDR's Counterclaim. Therefore, ARGONAUT denies same and puts MDR to strict proof thereof.

13. ARGONAUT admits that it undertook an investigation of MDR's claim and that ARGONAUT issued payments totaling $1,158,685.00. ARGONAUT lacks sufficient information to admit or deny the remaining factual averments of Paragraph 13 of MDR's Counterclaim. Therefore, ARGONAUT denies same and puts MDR to strict proof thereof.

14. Paragraph 14 of MDR's Counterclaim contains legal assertions to which no response pleading is required. To the extent that Paragraph 14 of MDR's Counterclaim purports to allege facts, those are denied and MDR is put to strict proof thereof.

15. ARGONAUT lacks sufficient information to admit or deny the factual averments of Paragraph 15 of MDR's Counterclaim. Therefore, ARGONAUT denies same and puts MDR to strict proof thereof. Paragraph 15 of MDR's Counterclaim also contains legal assertions to which no response pleading is required. To the extent that Paragraph 15 of MDR's Counterclaim purports to allege facts, those are denied and MDR is put to strict proof thereof.

16. Paragraph 16 of MDR's Counterclaim contains legal assertions to which no response pleading is required. To the extent that Paragraph 16 of MDR's Counterclaim purports to allege facts, those are denied and MDR is put to strict proof thereof.

17. ARGONAUT repeats and incorporates by reference its responses to Paragraphs 1 through 16 by reference, as if fully set forth herein.

18. Paragraph 18 of MDR's Counterclaim contains legal assertions to which no response pleading is required. To the extent that Paragraph 18 of MDR's Counterclaim purports to allege facts, those are denied and MDR is put to strict proof thereof.

19. Paragraph 19 of MDR's Counterclaim contains legal assertions to which no response pleading is required. To the extent that Paragraph 19 of MDR's Counterclaim purports to allege facts, those are denied and MDR is put to strict proof thereof.

20. Paragraph 20 of MDR's Counterclaim contains legal assertions to which no response pleading is required. To the extent that Paragraph 20 of MDR's Counterclaim purports to allege facts, those are denied and MDR is put to strict proof thereof.

21. Paragraph 21 of MDR's Counterclaim contains legal assertions to which no response pleading is required. To the extent that Paragraph 21 of MDR's Counterclaim purports to allege facts, those are denied and MDR is put to strict proof thereof.

22. Paragraph 22 of MDR's Counterclaim contains legal assertions to which no response pleading is required. To the extent that Paragraph 22 of MDR's Counterclaim purports to allege facts, those are denied and MDR is put to strict proof thereof.

23. Paragraph 23 of MDR's Counterclaim contains legal assertions to which no response pleading is required. To the extent that Paragraph 23 of MDR's Counterclaim purports to allege facts, those are denied and MDR is put to strict proof thereof.

24. Paragraph 24 of MDR's Counterclaim contains legal assertions to which no response pleading is required. To the extent that Paragraph 24 of MDR's Counterclaim purports to allege facts, those are denied and MDR is put to strict proof thereof.

25. Paragraph 25 of MDR's Counterclaim contains legal assertions to which no response pleading is required. To the extent that Paragraph 25 of MDR's Counterclaim purports to allege facts, those are denied and MDR is put to strict proof thereof.

26. ARGONAUT repeats and incorporates by reference its responses to Paragraphs 1 through 25 by reference, as if fully set forth herein.

27. Paragraph 27 of MDR's Counterclaim contains legal assertions to which no response pleading is required. To the extent that Paragraph 27 of MDR's Counterclaim purports to allege facts, those are denied and MDR is put to strict proof thereof.

28. Paragraph 28 of MDR's Counterclaim contains legal assertions to which no response pleading is required. To the extent that Paragraph 28 of MDR's Counterclaim purports to allege facts, those are denied and MDR is put to strict proof thereof.

29. Paragraph 29 of MDR's Counterclaim contains legal assertions to which no response pleading is required. To the extent that Paragraph 29 of MDR's Counterclaim purports to allege facts, those are denied and MDR is put to strict proof thereof.

30. Paragraph 30 of MDR's Counterclaim contains legal assertions to which no response pleading is required. To the extent that Paragraph 30 of MDR's Counterclaim purports to allege facts, those are denied and MDR is put to strict proof thereof.

31. Paragraph 31 of MDR's Counterclaim contains legal assertions to which no response pleading is required. To the extent that Paragraph 25 of MDR's Counterclaim purports to allege facts, those are denied and MDR is put to strict proof thereof.

## ARGONAUT'S AFFIRMATIVE DEFENSES

**First Affirmative Defense:** This Court lacks subject matter jurisdiction over the claims asserted by MDR against ARGONAUT. Fed.R.Civ.P. 12(b)(1).

**Second Affirmative Defense:** This Court lacks personal jurisdiction over ARGONAUT. Fed.R.Civ.P. 12(b)(2).

**Third Affirmative Defense:** This Court is an improper venue for the claims asserted by MDR against ARGONAUT. Fed.R.Civ.P. 12(b)(3).

**Fourth Affirmative Defense:** ARGONAUT has received insufficient process. Fed.R.Civ.P. 12(b)(4).

**Fifth Affirmative Defense:** ARGONAUT has received insufficient service of process. Fed.R.Civ.P. 12(b)(5).

**Sixth Affirmative Defense:** MDR's Counterclaim fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6).

**Seventh Affirmative Defense:** MDR's Counterclaim fails to join a party that is indispensable. Fed.R.Civ.P. 12(b)(7).

**Eighth Affirmative Defense:** Argonaut seeks reformation of Policy No. 726OM5504-00 based on the doctrine of "mutual mistake."

**Ninth Affirmative Defense:** The coverage afforded to Marina Del Rey, LLC under Policy No. 726OM5504-00 is strictly controlled and limited by the Policy's express and implied terms, conditions, and dollar limits.

**Tenth Affirmative Defense:** Marina Del Rey, LLC has not yet submitted adequate proof that the losses for which coverage are sought.

**Eleventh Affirmative Defense:** At the time that it was applying for Policy No. 726OM5504-00, Marina Del Rey failed to truthfully disclose that some of the docks for which coverage was sought were constructed from aluminum, not steel, such material misrepresentation rendering Policy No. 726OM5504-00 void *ab initio* ("from inception").

## PRAYER

**WHEREFORE**, the foregoing reasons, Argonaut Insurance Company respectfully prays that the Plaintiff take nothing, and that Argonaut Insurance Company recovers its costs, and for such other and further relief, to which Argonaut is justly entitled, whether at law or in equity.

Respectfully submitted,

| | |
|---|---|
| /s/ Michael I. Goldman | /s/ Stephen A. Melendi |
| Michael I. Goldman | Stephen A. Melendi |
| Massachusetts Bar No. 677362 | Oklahoma Bar No. 33698 |
| michael@goldmanmaritime.com | stephenm@tbmmlaw.com |
| The Goldman Maritime Law Group | Tollefson Bradley Mitchell & Melendi, LLP |
| 4 Bellows Road, Suite F | 2811 McKinney Avenue, Suite 250 West |
| P.O. Box 724 | Dallas, Texas 75204 |
| Westborough, MA 01581 | Telephone: 214-665-0100 |
| Cel (617)617-8657 | Facsimile: 214-665-0199 |
| Fax (617)566-4292 | ATTORNEY FOR DEFENDANT, |
| ATTORNEY FOR DEFENDANT | ARGONAUT INSURANCE COMPANY |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 27th day of June, 2025, a true and correct copy of the foregoing document was filed using the Court's electronic filing/notification system (ECF) to all known parties of record.

/s/ Michael I. Goldman                             /s/ Stephen A. Melendi