THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HULL'S ENVIRONMENTAL SERVICES, INC., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| MARINA DEL REY, LLC; UNITED STATES OF AMERICA ex rel. SECRETARY OF ARMY/U.S. ARMY CORPS. OF ENGINEERS; SMS FINANCIAL STRATEGIC INVESTMENTS V, LLC; TODDS A/C, INC.; MIDWEST DOZER d/b/a MIDWEST DOZER, LLC; THE COUNTY TREASURER OF MARSHALL COUNTY, STATE OF OKLAHOMA AND THE BOARD OF COUNTY COMMISSIONERS OF MARSHALL COUNTY, STATE OF OKLAHOMA; GARRETT JOHNSON; ARGONAUT INSURANCE COMPANY, | ) ) ) ) ) ) ) ) ) ) ) ) )   Case No. 24-CV-00479-JAR |
| Defendants. | ) |

**RESPONSE AND OBJECTION TO MOTION FOR ORDER OF
REMAND BY DEFENDANTS MARINA DEL RAY, LLC AND GARRET JOHNSON**

Defendants, Marina Del Ray, LLC ("Marina Del Ray") and Garrett Johnson ("Johnson") (collectively the "Defendants") respectfully submit their Response and Objection to Plaintiff's Motion for Order of Remand [Dkt. No. 65]. In support thereof, Defendants submit the following:

**PROCEDURAL POSTURE**

1. Plaintiff Hull's Environmental Services, Inc., ("Plaintiff"), initiated this litigation in an action captioned *Hull's Environmental Services, Inc. v. Marina Del Rey, LLC, et al.*, bearing cause number CJ-2024-86, from the District Court of Marshall County, State of Oklahoma.

2. On December 12, 2024, named defendant United States of America ex rel. Secretary of Army, Army Corps. of Engineers, removed this Case to the United States District

Court for the Eastern District of Oklahoma, Case No. CIV-24-479-JAR ("Federal Matter").

3. The USA filed a Motion to Dismiss in the Federal Matter on December 18, 2024.

4. Other named defendants filed answers and motions in the Federal Matter, and the Federal Court issued rulings upon those motions.

5. A Joint Status Report was filed in the Federal Matter on June 20, 2025.

6. On July 23, 2025, the Federal Court issued an Opinion and Order on USA's Motion to Dismiss [Dkt. No. 63]. The Federal Court granted USA's Motion to Dismiss, finding Plaintiff failed to state any viable claim against USA since Plaintiff's claims are inconsistent with the underlying lease at issue, Supreme Court case law, and Oklahoma statutory law. The Federal Court did not dismiss any other defendants or claims in its Order and Opinion.

### ARGUMENT AND AUTHORITY

**I.  This Case Should Not be Remanded to State Court.**

When a case is removed to federal court, a copy of the notice shall be filed with the clerk for the state court and "and the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d). Courts have consistently held that 28 U.S.C. § 1446(d) "deprives the state court of further jurisdiction over the removed case and that any post-removal actions taken by the state court in the removed case action are void *ab initio*." *Fed. Nat'l Mortg. Ass'n v. Milasinovich*, 161 F. Supp. 3d 981 (D.N.M. 2016) (citing *United States ex rel. Echevarria v. Silberglitt,* 441 F.2d 225 (2d Cir.1971)); *see California ex rel. Sacramento Metro. Air Quality Mgmt. Dist. v. United States*, 215 F.3d 1005, 1011 (9th Cir.2000) ("The removal of an action to federal court necessarily divests state and local courts of their jurisdiction over a particular dispute.").

The only reason the State Court would have jurisdiction is *if* removal were not proper from the beginning. *See In re Lorice T. Wallace Revocable Tr.*, 2009 OK 34, 219 P.3d 536 (the state court maintained jurisdiction where a party attempted to remove its own indirect contempt of court case to a federal court outside the proper jurisdiction and district). "The rule that proceedings in the state court subsequent to the petition for removal are valid if the suit was not in fact removable is the logical corollary of the proposition that such proceedings are void if the cause was removable." *Metro. Cas. Ins. Co. v. Stevens*, 312 U.S. 563, 61 S. Ct. 715, 85 L. Ed. 1044 (1941).

Plaintiff cites to 28 U.S.C.A. § 1447(c) to state that "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be dismissed." However, "the propriety of removal is judged on the complaint as it stands at the time of the removal." *Pfeiffer v. Hartford Fire Ins. Co.,* 929 F.2d 1484, 1488 (10th Cir. 1991), citing *Pullman Co. v. Jenkins,* 305 U.S. 534, 537, 59 S.Ct. 347, 349, 83 L.Ed. 334 (1939) (right to remove is determined according to plaintiff's pleadings at the time of the petition for removal). Plaintiff has made no objection or argument that removal was in fact improper at the time it was made. Plaintiff merely asserts that since the United States has been dismissed, this Court must remand. Plaintiff fails to discuss any considerations of "judicial economy, convenience and fairness to litigants." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Presently, it makes judicial sense for this matter to remain in this Court, as it has been ongoing for over a year, with multiple pleadings filed and orders issued, such as Dkt. No. 40, Dkt. No. 59. This Court has been handling all claims of this matter pursuant to supplemental jurisdiction, and a Joint Status Report has been filed. To remand now would not be judicially economic or convenient to the parties.

**WHEREFORE**, for the forgoing reasons, Defendants respectfully pray that this Court deny Plaintiff's Motion to Remand, and Order that this matter remain Federal Court.

Dated January 6, 2026.

Respectfully submitted,

DOERNER, SAUNDERS, DANIEL & ANDERSON, L.L.P.

By: */s/*Meagon R. Eagon
Michael S. Linscott, OBA #17266
Two West Second Street, Suite 700
Tulsa, Oklahoma 74103-3522
Telephone: (918) 591-5288
Facsimile: (918) 925-5288
E-mail: mlinscott@dsda.com

and

Meagon R. Eagon, OBA No. 33165
210 Park Avenue, Suite 1200
Oklahoma City, OK 73102
Telephone: (405) 319-3500
Facsimile: (405) 319-3509
E-mail: meagon@dsda.com

***Attorneys for Defendants, Marina Del Rey, LLC and Garrett Johnson***

## CERTIFICATE OF SERVICE

  I hereby certify that on January 6, 2026, a true and correct copy of the above was electronically served on all interested parties using the Courts CM/ECF system.

And by U.S. Mail, postage prepaid, to:

Douglas Elliott
Marshall County Courthouse
100 Plaza Room 106
Madill, OK 73446

                */s/Meagon R. Eagon*