IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HULL'S ENVIRONMENTAL SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> MARINA DEL REY, LLC; UNITED STATES OF AMERICA ex rel. U.S. ARMY CORPS OF ENGINEERS; SMS FINANCIAL STRATEGIC INVESTMENTS V, LLC; TODDS A/C, INC.; MIDWEST DOZER, LLC; COUNTY TREASURER OF MARSHALL COUNTY; BOARD OF COUNTY COMMISSIONERS OF MARSHALL COUNTY; STATE OF OKLAHOMA; GARRETT JOHNSON; and ARGONAUT INSURANCE COMPANY, <br><br> Defendants. | Case No. 24-cv-00479-JAR |

**JOINT MOTION TO SEVER PURSUANT TO FED. R. CIV. P. 21**

Defendant/Cross-plaintiff Argonaut Insurance Company ("Argonaut") and Defendant/Cross-defendant Marina Del Rey, LLC ("Marina Del Rey") jointly request the Court to sever Argonaut's crossclaims against Marina Del Rey, as well as Marina Del Rey's own counterclaims against Argonaut from the remainder of the case. These are first-party coverage claims with no significant bearing either on the original claims filed by Plaintiff Hull's Environmental Services, Inc. or on Argonaut's cross-claims against Marina Del Rey. Severing these claims would permit them to remain with this Court, which is already familiar with the underlying facts, and thus serve the ends of efficiency and judicial economy even if the Court

1

should choose to remand the remainder of the case pertaining to Plaintiff. In support of this motion, Argonaut further states as follows:

**STATEMENT OF FACTS**

1. Plaintiff Hull's Environmental Services, Inc., originally filed this action in the District Court of Marshall County, Oklahoma, asserting a variety of claims ultimately stemming from services performed on Marina Del Rey's marina following a storm in May 2024. See Petition, Exhibit to Notice of Removal (Dkt. No. 2).

2. The United States, acting on behalf of the U.S. Army Corps of Engineers, removed to this Court pursuant to 28 U.S.C. § 1346. See Notice of Removal (Dkt. No. 2).

3. The United States subsequently moved to dismiss for lack of subject-matter jurisdiction, and the Court subsequently granted that motion. See Opinion and Order (Dkt. No. 63).

4. Following removal, but prior to the Court granting the motion to dismiss, Argonaut filed a Crossclaim (Dkt. No. 11) asserting seven causes of action against Marina Del Rey.

5. The First, Second, and Third Causes of Action in Argonaut's crossclaim concern whether Argonaut owes any first-party coverage to Marina Del Rey for damage it sustained as a result of the May 2024 storm. See Crossclaim (Dkt. No. 11), at 6-16.

6. The Fourth, Fifth, Sixth, and Seventh Causes of Action, by contrast, concern whether Argonaut would owe third party liability coverage to entities like Plaintiff. Id. at 16-28.

7. Marina Del Rey subsequently filed its Answer to Argonaut Insurance Company's Crossclaim for Declaratory Judgment [Doc. No. 11] and Counterclaim against Argonaut Insurance Company (Dkt. No. 46).

8. Marina Del Rey asserted two counterclaims, one for breach of contract and the other for bad faith, arising from Argonaut's handling of Marina Del Rey's first party claim. Id. at 23-30.

9. Collectively, Argonaut and Marina Del Rey have referred to Argonaut's First, Second, and Third Causes of Action and Marina Del Rey's Counterclaims as the "First Party Claims."

10. Argonaut and Marina Del Rey previously sought to bifurcate the First Party Claims from the remainder of the case, see Joint Motion to Sever (Dkt. No. 53), and the Court granted that motion. See Order (Dkt. No. 59).

## ARGUMENTS AND AUTHORITIES

While the Court has already bifurcated the First Party Claims from the remainder of the case, Argonaut now asks the Court to sever those claims entirely. Argonaut and Marina Del Rey previously sought bifurcation because there was no significant connection between the First Party Claims and any of the other claims in the case. The parties believed that the First Party Claims needed to be treated separately, but they wished the claims to remain connected to the rest of the case for administrative purposes. However, Plaintiff now seeks remand of all claims. See Motion to Remand to State Court (Dkt. No. 65). Because Argonaut and Marina Del Rey has already started written discovery and scheduling of depositions, and further desire this Court's expertise in ruling on the complex issues at the heart of the First Party Claims, bifurcation is no longer sufficient. Accordingly, both Argonaut and Marina Del Rey request the Court sever the First Party Claims entirely pursuant to Fed. R. Civ. P. 21.

The rule provides simply that "[o]n motion . . . the court may at any time, on just terms . . . sever any claim against a party." The Rule allows "considerable discretion to the district court" in determining whether severance is appropriate. See Lenon v. St. Paul Mercury Ins. Co., 136 F.3d

1365, 1371 (10th Cir. 1998). "Factors that courts have considered when evaluating a motion to sever include: (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for separate claims." Vivint, Inc. v. Alarm.com, Inc., 2:15-CV-00392-CW-CMR, 2023 WL 2955648, at *2 (D. Utah Apr. 14, 2023) (citing Parchman v. SLM Corp., 896 F.3d 728, 733 (6th Cir. 2018)).

On the whole, evaluation of these factors support severance. Beyond general background facts about the storm that occurred and the damage to Marina Del Rey's property, there would be little overlap between the First Party Claims and the remainder of the case. The First Party Claims will delve deeply into specific terms of Argonaut's policy, representations that Marina Del Rey made to Argonaut about the policy and the damage, and Argonaut's subsequent handling of Marina Del Rey's first party claim. Whereas the remaining claims deal specifically with debt for emergency services provided by Hull's Environmental Services, Inc. Thus, there would be no common questions of law or fact, nor does there appear to be a significant likelihood of overlap in witness testimony or documentary proof between the First Party Claims and all other claims. Moreover, because the First Party Claims are disconnected from any third-party liability, settlement of any other claims is not facilitated by keeping the First Party Claims with the remainder of the case. As this Court has already implicitly agreed through its order granting bifurcation, judicial economy would be better preserved by separating the First Party Claims from all other claims.[1]

---

[1] Additionally, severing the First Party Claims would serve the ends of efficiency in another way as well. Argonaut has requested to sever the First Party Claims and, via a concurrently-filed response to Plaintiff's request for remand, will ask the Court not to remand the First Party Claims if they are severed. Should the Court decline and instead remand the entirety of the case back to state court, Argonaut and Marina Del Rey would have the ability to dismiss

4

Finally, Argonaut further notes that a condition of the previously-granted bifurcation was that there would be no distribution of funds to Marina Del Rey as part of the First Party Claims absent notice to the remaining parties in the case. See Order (Dkt. No. 59), at 2. Argonaut will stipulate that, should the Court sever the First Party Claims, it will continue to abide by that condition and will not distribute any funds to Marina Del Rey without providing notice to all other entities that are currently parties to this case. That holds true even if those entities have subsequently ceased to be parties to this case, whether because of remand or any other reason.

For all of these reasons, Argonaut and Marina Del Rey respectfully request the Court sever the First Party Claims pursuant to Fed. R. Civ. P. 21.

Respectfully,

/s/ Stephen A. Melendi
Stephen A. Melendi, OBA No. 33698
Tollefson Bradley Mitchell & Melendi, LLP
2811 McKinney Avenue, Suite 250 West
Dallas, Texas 75204
Tel: (214) 665-0100
Fax: (214) 665-0199
Email: stephenm@tbmmlaw.com

and

Trevor L. Hughes, OBA No. 21229
Jason L. Callaway, OBA No. 31958
Johnson & Jones, P.C.
6120 South Yale, Suite 500
Tulsa, Oklahoma 74136
Tel: (918) 584-6644
Fax: (888) 789-0940
Email: thughes@johnson-jones.com

---

the First Party Claims without prejudice pursuant to state law. See 12 O.S. § 683(1). They could then refile the same claims before this Court based on the presence of diversity jurisdiction. The parties would then be obligated to redo many of the administrative tasks already completed in this case, but functionally the parties would be in the same position as if the Court were to sever the First Party Claims and retain jurisdiction over them here. Cf. Fed. R. Civ. P. 1 (noting the Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding").

jcallaway@johnson-jones.com
**Attorneys for Argonaut Insurance Company**

*/s/ Bejamin P. Barmore*
Benjamin P. Barmore, EDOK #24073076
**HUNZIKER & BARMORE, PLLC**
The Lyric Tower
440 Louisiana St., Suite 1825
Houston, TX 77002
(281) 817-6000 (Telephone)
(281) 816-9025 (Facsimile)
Benjamin@HunzBarLaw.com

-and-

Matthew K. Felty, OBA #31057
Joshua K. Hefner, OBA # 30870
**RYAN WHALEY, PLLC**
400 North Walnut Avenue
Oklahoma City, OK 73104
(405) 239-6040 (Telephone)
(405) 239-6766 (Facsimile)
mfelty@ryanwhaley.com
jhefner@ryanwhaley.com
**Attorneys for Marina Del Rey, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2026, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

| | |
|---|---|
| Mike Mordy | Michael S. Linscott |
| Carrie Pfrehm | Meagon Eagon |
| MORDY, MORDY, PFREHM & WILSON, P.C. | DOERNER SAUNDERS DANIEL & ANDERSON |
| 110 West Main Street / P.O. Box 457 | 700 Williams Center Tower II |
| Ardmore, Oklahoma 73402 | Two West Second Street |
| **Attorneys for Plaintiff** | Tulsa, OK 74103 |
| | **Attorneys for Marina Del Rey, LLC and Garrett Johnson** |
| Joshua Hefner | Douglas Elliott |
| Matthew Felty | OFFICE OF THE DISTRICT ATTORNEY |
| RYAN WHALEY, PLLC | Marshall County Courthouse |

6

| | |
|---|---|
| 400 N. Walnut Ave.<br>Oklahoma City, OK 73104<br>**Attorneys for Marina Del Rey, LLC** | Madill, OK 73446<br>**Attorneys for Marshall County Treasurer and Board of County Commissioners of Marshall County** |
| Patrick C. Madden<br>OFFICE OF THE DISTRICT ATTORNEY<br>107 1st Ave. SW, Ste. A<br>Ardmore Carter County Annex #1<br>Ardmore, OK 73401<br>**Attorneys for Marshall County Treasurer and Board of County Commissioners of Marshall County** | Michael Goldman<br>4 Bellows Road, Suite F<br>P.O. Box 724<br>Westborough, MA 01581<br>**Attorney for Argonaut Insurance Company** |
| Austin Evans<br>AUSTIN EVANS LAW, LLC<br>P.O. Box 1258<br>Kingfisher, OK 73750<br>**Attorneys for SMS Financial Strategic Investments V, LLC** | |

*/s/ Stephen A. Melendi*
Stephen A. Melendi

## Certificate of Conference

      I hereby certify that on January 6, 2026, counsel for Argonaut attempted to confer via email and telephone, as the distance between counsels' offices listed above in the certificate of service renders a personal conference infeasible, with counsel for all parties who have appeared in this matter. Counsel for Hull's Environmental Services, Inc., Marina Del Rey, LLC, Marshall County Treasurer, and Board of County Commissioners of Marshall County are unopposed to the relief sought herein. Counsel for Garrett Johnson is opposed to the relief sought herein. Counsel for SMS Financial Strategic Investments V, LLC was not available to confer via email or by telephone.

*/s/ Stephen A. Melendi*
Stephen A. Melendi
