# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| HULL'S ENVIRONMENTAL SERVICES, INC., Plaintiff, | ) | |
| v. | ) | Case No. CIV-24-479-JAR |
| MARINA DEL REY, LLC, *et al.*, Defendant. | ) | |

## **O R D E R**

This matter comes before the Court on Defendants Argonaut Insurance Company and Marina Del Rey, LLC's Joint Motion to Sever Pursuant to Fed. R. Civ. P. 21 (Docket Entry No. 68) and Plaintiff's Motion to Remand (Docket Entry No. 65). A hearing was conducted on September 9, 2026 on these Motions with all counsel present.

**Severance of Claims**

In the Joint Motion to Sever, Defendant/Crossclaimant Argonaut Insurance Company ("Argonaut") and Defendant/Crossclaim Defendant Marina Del Rey, LLC ("Marina") request that the First, Second, and Third causes of action set out in Argonaut's cross-claim against Marina as well as Marina's cross-claim against Argonaut for breach of contract and breach of the insurer's implied duty of good faith and fair dealing (identified by the parties as "First Party Claims" be severed from the main action between Plaintiff and Defendants and the counter-claim/cross-claim represented in Argonaut's Fourth, Fifth, Sixth, and Seventh causes of action. Argonaut and Marina then ask that the "First

Party Claims" be excluded from any remand order and remain in this Court for adjudication.

This Court would first note that the request to sever is not opposed by any party to this litigation. Moreover, the jurisdictional defects which might require remand of the primary cause of action involving Plaintiff do not apply to the "First Party Claims." Jurisdiction would properly lie in this Court.

Under Fed. R. Civ. P. 21, "[t]he court may . . . sever any claim against any party." "[W]here certain claims in an action are properly severed under Fed. R. Civ. P. 21, two separate actions result." *Chrysler Credit Corp. v. Country Chrysler, Inc.,* 928 F.2d 1509, 1519 (10th Cir. 1991). A court may sever claims under Rule 21, if the two claims are "discrete and separate" - one claim must be capable of resolution despite the outcome of the other claim. After severance, a court may render a final, appealable judgment in one of the two severed actions notwithstanding the continued existence of unresolved claims in the other. *Gaffney v. Riverboat Servs. of Indiana*, 451 F.3d 424, 441–42 (7th Cir. 2006) (holding that the plaintiffs' severed claims against one defendant reached final decision, thereby vesting jurisdiction in circuit court).

Since the request to sever is unopposed by the involved parties and significant discovery has already occurred in this case on the "First Party Claims", this Court finds it prudent to sever the claims as requested. Independent federal diversity jurisdiction exists between these two parties. The remaining claims involving Plaintiff and Defendants will be examined for remand.

## Remand of Remaining Claims

Plaintiff requests that its claims against Defendants be remanded back to the District Court in and for Marshall County, Oklahoma from where it was originally removed. The basis for removal as reflected in the Notice filed December 12, 2024 was that the action was brought against the United States of America, pursuant to 28 U.S.C. §§ 1346(a) and 1491 and the action sounded in contract and was, therefore, removable by the United States under 28 U.S.C. §§ 1441(a), (c) and 1442(a)(1). *Doc. Ent. No. 2.* However, by Opinion and Order entered July 23, 2025, the United States was dismissed from this action on its motion. The claims against the remaining Defendants arise from Oklahoma state law – to foreclose Plaintiff's Mechanics and Materialman's lien and to recover monetary damages.

Under the law of this circuit, "if federal claims are dismissed before trial, leaving only issues of state law, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Brooks v. Gaenzle,* 614 F.3d 1213, 1229 (10th Cir.2010) (internal quotations omitted); *see* 28 U.S.C. § 1367(c)(3); *see also Ball v. Renner,* 54 F.3d 664, 669 (10th Cir.1995). In the context of a removed case, an order remanding the case to state court is appropriate if all federal claims are dismissed. *See Carlsbad Tech., Inc. v. HIF Bio, Inc.,* 556 U.S. 635, 129 S.Ct. 1862, 1865, 173 L.Ed.2d 843 (2009). In this case, all claims based upon federal question jurisdiction and all federal parties have been dismissed. Therefore, remand to the state court from which it

originated is appropriate.

IT IS THEREFORE ORDERED that the Joint Motion to Sever Pursuant to Fed. R. Civ. P. 21 (Docket Entry No. 68) is hereby **GRANTED**. Accordingly, Argonaut Insurance Company's first party cross-claim against Marina Del Rey, LLC and Marina Del Ray, LLC's first party counter cross-claim against Argonaut Insurance Company are hereby **SEVERED** from the remainder of the action. These claims will remain pending in this Court for adjudication.

IT IS FURTHER ORDERED that Plaintiff's Motion for Order of Remand (Docket Entry No. 65) is hereby **GRANTED**. The primary action brought by Plaintiff against Defendants as well as the third party cross-claim brought by Argonaut Insurance Company represented in counts Four, Five, Six and Seven in their crossclaim are hereby **REMANDED** to the District Court in and for Marshall County, Oklahoma.

The parties remaining in this Court are advised that this action will henceforth be styled as follows:

| | | |
|---|---|---|
| ARGONAUT INSURANCE COMPANY,<br><br>Plaintiff/Counter-<br>Claim Defendant,<br><br>v.<br><br>MARINA DEL REY, LLC,<br>Defendant/Counter-<br>Claim Plaintiff. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-24-479-JAR |

All future pleadings and filings shall reflect this styling.

IT IS SO ORDERED this 4th day of November, 2026.

JASON A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE